### ROSAMOND v. EARLE.

1. SUMMONS—JURISDICTION—ANSWER.—A trial justice summons required the defendant to appear, &c., on the twentieth day from service, exclusive of the day of service; the defendant appeared on return day, demurred, because summons did not give trial justice jurisdiction of defendant's person, and answered. *Held*, that the appearance and answer waived the jurisdictional defect in the summons.

Before ALDRICH, J., Greenville, July 5, 1895. Reversed.

Action by James O. Rosamond against John K. Earle, on account in Trial Justice Court, commenced March 9, 1895. Trial justice dismissed complaint for want of jurisdiction. Plaintiff appeals. The Circuit Court affirmed the judgment. Plaintiff appeals.

*Mr. Adam C. Welborn*, for appellant.

*Mr. A. Blythe*, contra.

March 9, 1896. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff brought action against defendant in trial justice court for Greenville, in this State, to recover the sum of $46.50. The summons, which was served upon the defendant, on the 9th. day of March, 1895, required him "to appear before the trial justice at his office in Greenville City, on the twentieth day from the service of this summons, exclusive of the day of service, at 11 o'clock A. M., to answer the said complaint, or judgment will be given

by default." A complaint was served with the summons. On the return day—the 29th. March, 1895—the defendant appeared in the Trial Justice Court, filed an answer to the merits, and also filed a demurrer in writing to the complaint, wherein he set up as grounds thereof:

I. Because the summons and complaint showed that this court has no jurisdiction.

(a) Because the summons requires the defendant to appear on the twentieth day after the service of the summons, exclusive of the day of service, at 11 o'clock A. M., when he should have had twenty whole days, exclusive of the day of service, to appear and answer."

(b) The plaintiff ought to have required the defendant to account, before he could bring this suit.

II. Because the complaint does not state facts sufficient to constitute a cause of action against the defendant.

After several postponements of the hearing, on the 9th. April, 1895, a hearing was had, at which hearing the defendant interposed his cause of demurrer, as it is set out in the paragraph marked "a." The trial justice sustained that cause of demurrer and dismissed the complaint, and on an appeal taken therefrom, Judge Aldrich in the Circuit Court sustained the order of the trial justice. From this order of Judge Aldrich the plaintiff now appeals to this court, on the single ground that it was error to sustain the demurrer as to the jurisdiction, when it is shown by the record that the defendant entered an appearance, filed his answer as to the merits, and in his demurrer, in addition to the question of jurisdiction, alleges that the complaint does not state facts sufficient to constitute a cause of action.

We think both the Circuit Judge and the trial justice were in error. No doubt, they relied upon the recent case of *Adkins* v. *Moore*, 20 S. E. Rep., 985, as authority for their respective decisions. The case cited did construe subdivision 16 of section 88 of the Code, as amended by the act of December 22, 1891, which reads: "When twenty-five or more dollars is demanded, the complaint shall be served

on the defendant not less than twenty days, etc.," along with subdivision 12 of section 71 of the Code, which provides, *inter alia*, "And the trial justice shall at the same time issue a summons * * * directed to the defendant, and requiring him to appear before said trial justice at a time and place therein to be specified, and not more than twenty days from the date thereof, to answer the complaint of said plaintiff," and held that "a defendant was entitled to full twenty days from the time of the service of the complaint till the day fixed therein for trial, exclusive of the day of service; and that as he was required to appear on the twentieth day from the service thereof, the time was shorter than that required by law." It is very clear, however, that the Circuit Judge and the trial justice in the case at bar failed to grasp the significance of Mr. Justice Gary's closing sentence, when he was discussing the appearance of defendants in *Adkins* v. *Moore et al.*, *supra*. He then said on this point: "The appearance of the defendant was not a waiver of the jurisdictional defect, *as they did not appear until after the plaintiff had recovered judgment*" [italics ours]. We think that if defendant in the case at bar had desired to exercise his undoubted right to object to any jurisdiction of his person by the trial justice, he ought to have appeared for that purpose alone. When, however, as in this case, he actually answers to the merits, and demurs to the merits also, for in his demurrer he included the ground that the complaint did not state facts sufficient to constitute a cause of action, that he surrenders his right to question the jurisdiction of his person by the trial justice. There is a long line of cases in our reports as to the effect of this waiver by the defendant. While, therefore, we shall reverse this judgment, at the same time we desire it understood that we confine our judgment in this case to the single point presented by the appeal, namely: want of jurisdiction.

It is the judgment of this court, that the order of the Circuit Court be reversed, and the cause is remanded to that court for such further action as may be proper.