## WILLIAMS v. GARVIN.

SUMMONS—JURISDICTION.—When a defendant appears and pleads to the merits, he is shut off from raising any question as to the irregularity of the summons.

Before TOWNSEND, J., Barnwell, March, 1897.   Reversed.

Proceedings in magistrate court in ejectment by Aaron Williams against Frank Garvin. Judgment for plaintiff. Defendant appeals. Appeal sustained. Plaintiff appeals.

*Mr. J. J. Brown,* for appellant, cites: 28 S. C., 119; 13 S. C., 198; 3 Hill, 239; 24 S. C., 190; 21 S. C., 598; 46 S. C., 9.

*Mr. J. E. Davis,* contra, filed no argument.

March 1, 1898.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   This appeal presents but a single question, namely, whether a defendant who has appeared in court in answer to a defective summons, and who there answered to the merits and participated in said trial without raising any question as to such defective summons, can afterwards, on appeal to another court, raise any question as to such irregular or defective summons for the first time? It seems that the defendant was summoned by R. C. Holman, Esq., one of the magistrates. for Barnwell County, in this State, to show cause why he should not be ejected, as a tenant holding over, from a certain parcel of land, under the provisions of the act approved 5th January, A. D. 1895, found at pages 822 and 823 of volume 21, Stat. at Large of this State, which was amendatory of section 1939 of the Revised Statutes of 1893. The summons so issued, as its caption stated, was issued "by R. C. Holman, Esquire, as magistrate," at the end it was signed by said R. C. Holman, under his seal, with the words "trial justice" added thereto. The defendant in person appeared at the time fixed in the summons, and answered to the merits. Testimony was

introduced by both sides. Judgment of eviction was ren-
dered. Thereupon the defendant appealed to the Circuit
Court, but did not raise any question as to defective summons
in his grounds of appeal. While the papers were being pre-
sented to his Honor, Judge Townsend, who was presiding
Judge at the March, 1897, term of the Court of Common
Pleas for Barnwell County, the counsel for appellant called
the attention of the Court to the irregularity of the summons;
whereupon his Honor passed a short order, sustaining the
appeal, and ordering the defendant to be restored to the
possession of the premises. The Circuit Judge, no doubt,
was misled by supposing that the irregularity of the sum-
mons raised a question of jurisdiction, which, under our
decisions, may be raised at any time and in any court—
even the Supreme Court for the first time—and that this
question of jurisdiction, when applied to the facts which
occurred at the trial before the magistrate, would oust such
magistrate of the power to decide the case. In this latter
view he was in error, for whenever a person is served with
a defective or void summons, he must either appear for the
sole purpose of setting it aside, or he can waive such right
by answering to the merits and participating in the trial.
The "Case" here shows that the defendant waived his right
to set aside the summons for irregularity by answering to
the merits and participating in the trial. In the case of
*State* v. *Mays*, 24 S. C., 193, Mr. Justice McIver, in an-
nouncing the opinion of the Court in that case, said: "As
to the failure of the trial justice to sign the warrant, we
think there is nothing in that, under the circumstances of
the case. It certainly was a grave omission on the part of
the trial justice, and if it had become necessary to have
the defendant arrested, might have led to grave conse-
quences. But it appears from the report of the trial justice
'that the defendant voluntarily appeared and submitted
himself to the jurisdiction of the Court, without any objec-
tion to the warrant until after the trial.'" Very nearly to a
like effect is *State* v. *Lewis*, 21 S. C., 598. Now, these

two cases, just cited, relate to criminal proceedings before a trial justice. An examination of the authorities in civil cases will show that the courts of the country, both Federal and State, uniformly hold that when, under a defective summons, a defendant appears and pleads to the merits, he is shut off from raising any question as to the irregularity of the process whereby he was brought into Court. *Rosamond* v. *Earle*, 46 S. C., 9, with the authorities there cited, may be referred to. The whole order of Judge Townsend must be reversed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court for a trial on the merits of the grounds of appeal as presented by Frank Garvin on his appeal to that Court from the judgment of the magistrate's court.