## WHALEY v. LAWTON.

1. PLEADINGS—MOTIONS TO MAKE DEFINITE—NOTICE OF MOTION.— A motion to require a pleading to be made more definite and certain must be noticed within twenty days after service of such pleading.
2. IBID.—IBID.—WAIVER.—Answering and reserving the right to insist on the motion is not a waiver of a motion to require a plaintiff to make his complaint more definite and certain.

Before WATTS, J., Charleston, November, 1897.  Affirmed.

Action for damages for malicious prosecution by W. S. Whaley *v.* W. W. Lawton.  From order refusing defendant's motion to require plaintiff to make his amended complaint more definite and certain, defendant appeals.

*Messrs. McCradys & Bacot,* for appellant, cite: *Defendant did not waive the motion by answering:* Code, 181; 34 S. C., 274; 11 S. C., 411; 12 S. C., 1; 22 S. C., 372. *In an action at law, respondent cannot ask that a judgment be sustained on other grounds which record does not disclose has been before lower court:* 33 S. C., 505. *Suits for injury to character and for injury to the person cannot be joined in one action:* Code, 188; 15 Ohio St., 173; 39 S. C., 180; 24 S. C., 474.

*Messrs. Thos. B. Curtis* and *H. E. Young,* contra, cite: *But one cause here—all arising out of same transaction:* Code, 188; 49 S. C., 127, 197; 21 S. E., 302; 147 Mass., 342; 160 Mass., 447; 36 N. E., 65; 46 N. E., 398; 50 S. C., 67; 51 S. C., 227; 22 Stat., 694; Code, 165, subd. 5, 169; 49 S. C., 95; 51 S. C., 60. *Questions here raised are res judicata by reason of the sustaining of the demurrer previously interposed:* 16 S. C., 621; 17 S. C., 189; 44 S. C., 20; 51 S. C., 36; 52 S. C., 166.

Dec. 10, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order refusing a motion to make an amended complaint more definite and certain. In refusing the motion, the Circuit Court said: "While I hold the complaint is subject to the objection alleged, still, by filing his answer, defendant has waived the objection." The amended complaint was served on August 6th, 1897. By written agreement of plaintiff's counsel, on August 21st, 1897, the time for answering, pleading or demurring was extended until September 7th, 1897. Then, on September 3d, 1897, a further extension of time for answering, pleading or demurring was made to October 1st, 1897, with this stipulation: "No extension of time for such purpose, however, to prevent the docketing of the case for trial at the ensuing November, 1897, term of Court." On September 7th, 1897, the motion to make the amended complaint more definite and certain was served

on plaintiff's attorney, and on the 24th day of September, 1897, plaintiff's attorney accepted service of defendant's answer. This answer was a general denial of each alleged cause of action, and contained this recital: "The defendant, W. W. Lawton, reserving, not waiving, his motion to require the plaintiff to make his amended complaint more definite and certain, notice of which motion was served upon the plaintiff's attorney, Thos. B. Curtis, on the 7th day of September, 1893, answering, &c." Section 181 of the Code of Procedure is as follows: "If irrelevant or redundant matter be inserted in a pleading, it may be stricken out, on motion of any person aggrieved thereby. And when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the Court may require the pleading to be made definite and certain by amendment." The time within which such motions must be made is not expressly provided for in the Code, but Rule XX. of the Circuit Court provides that motions under this section "must be noticed before demurring or answering the pleading, and within twenty days from the service thereof." It appears that the motion in this case was noticed before answering, but not within twenty days after the service of the complaint. The motion then was too late, under Rule XX., unless the fact that the motion was made within the time allowed for answering or demurring by agreement of parties, prevents such operation of the rule. If the rule had merely required the motion to be noticed before answering, defendant's motion would have been in time, the agreement of the parties extending the time to answer operating to extend the time for noticing the motion; but the rule requires imperatively that the motion must be noticed within twenty days of the service of the objectionable pleading; hence, unless the parties, in stipulating for extension of time for answering, &c., also provide for an extension of time in which to make such motion, the motion comes too late, unless made within the

time required by the rule. See cases cited in 6 Ency. Pl. & Pr., note 5, p. 278, being *Hammond* v. *Earle*, 5 Abb. N. Cas., 105; *Brooks* v. *Hanchett*, 36 Hun., 70, construing a rule of Court like our Rule XX. The stipulation of the parties in this case, while extending the time to answer, did not extend the time in which to make such motion.

We are not prepared to say that a mere answer is a waiver of the right to be heard on such a motion duly noticed. The authorities settle that answering on the merits, and going to trial without raising such objections, is a waiver thereof. *Zimmerman* v. *McMakin*, 22 S. C., 372; Pomeroy on Remedies, sec. 549; Bliss on Code Pleadings, sec. 425; 6 Enc. Pl. & Pr., 278, 279, and cases cited. It would be a very harsh rule to establish that an answer, reserving the right to insist on such a motion then duly noticed, is a waiver of such motion.

But since the record discloses that the notice was not given in this case within the time required by Rule XX., and respondent has given notice, among other things, that he would seek to sustain the judgment below on the ground that the motion comes too late, we affirm the judgment on this ground.

Judgment affirmed.