## 9848

### WRIGHT v. LEE *ET AL.*
#### (94 S. E. 873.)

1. APPEARANCE—WAIVER OF PROCESS.—In claim and delivery in a magistrate's Court, though the summons was defective and though the summons gives jurisdiction, it is jurisdiction of the person; and when defendants appeared and participated in the trial on the merits, they waived the summons.

2. JUSTICES OF THE PEACE—PLEADING—JURISDICTIONAL AVERMENTS.— In claim and delivery before a magistrate, an affidavit, stating that "the actual value of the said personal property is the sum of $100," is sufficient, though it does not expressly state that the value of the property did not exceed $100.

Before MAULDIN, J., Spartanburg, Spring term, 1917. Reversed.

Action by Wm. Wright against J. C. Lee and another. Plaintiff appeals.

*Mr. R. B. Paslay,* for appellant, cites: 25 S. C. 321; 84 S. C. 350; 69 S. C. 278; 16 S. C. 374.

*Mr. Edwin F. Corry,* for respondents, cites: 89 S. E. 666; 16 S. C. 372; vol. II, Code of Civil Procedure, 1912; section 80, paragraph 12; 29 S. C. 31; 32 S. C. 171; 25 S. C. 385; 70 S. C. 294; 74 S. C. 71; Code of Civil Procedure, sec. 80, paragraph 13.

January 7, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from the following order of the Circuit Court:

"This matter comes on for hearing before me on appeal from the Court of magistrate L. K. Jennings. There were several exceptions filed by the appellant, but I did not pass on any of the exceptions raised, except the one relating to jurisdiction, for the conclusions I have reached make it unnecessary to pass on any of the other exceptions. In claim and delivery proceedings the statutes say: 'The magistrate * * * shall issue a summons with a copy of the undertaking directed to the defendant, requiring him to appear before said magistrate at a time and place therein specified, and not more than twenty days from the date thereof, to answer the complaint of the said plaintiff; and the summons shall contain a notice to the defendant that in case he shall fail to appear at the time and place therein mentioned, the plaintiff will have judgment for the possession of the property with cost and disbursements.' The statute further provides, among other things, that the con-

stable shall serve upon the defendant a copy of such affidavit, notice and summons. In this case no such notice was contained in the summons or elsewhere in the proceedings, nor was such notice served upon the defendants. For this reason a verdict for the possession of the property cannot be predicated upon a process thus issued. Neither could a verdict be based on this process for debt, for there is no specified amount set out in the complaint nor demanded. It would, therefore, appear that the judgment rendered herein by the magistrate is a nullity, and that the judgment of the magistrate should be reversed, and the proceeding dismissed, with costs; and it is so ordered."

The record contains the following statement of facts:

"The action was commenced by the usual affidavit and undertaking required in actions for the recovery of possession of personal property. At the same time a summons was issued to the defendants—a copy of the summons is set out in the case. The affidavit stated, 'The actual value of the said personal property is the sum of one hundred dollars.' It failed to state it did not exceed $100. The undertaking was given for double the alleged value of the property to wit, $200. A copy of the affidavit, undertaking and summons were served upon the defendants. Within two days the defendants served notice upon the magistrate and constable that they excepted to the sureties, whereupon another bond acceptable to the defendants was duly given. At the time set for trial in the summons both sides were present and the trial entered into. Plaintiff referred to the summons and other pleadings in the case for complaint. The defendant, J. C. Lee, Jr., entered a general denial and the defendant, Adam Evans, entered a general denial, and set up a counterclaim for $40. The counterclaim was denied. Judgment was rendered in favor of the plaintiff; a motion for a new trial was made and refused. The question of jurisdiction was raised for the first time on appeal. On appeal to the Circuit Court, the defendants made as one

of their exceptions that the affidavit did not state the value of the property did not exceed $100."

The sole question now properly before this Court is whether there was error in the ruling, that the magistrate did not have jurisdiction to try the case.

The first ground upon which the defendant demurred was that the summons did not contain a notice to the defendants that, in case they failed to appear, at the time and place therein mentioned, the plaintiff would take judgment against them for the possession of the property. In *Williams v. Garvin,* 51 S. C. 399, 29 S. E. 1, the rule is thus stated:

"An examination of the authorities in civil cases will show that the Courts of the country, both Federal and State, uniformly hold that when, under a defective summons, a defendant appears and pleads to the merits, he is, shut off from raising any question as to the irregularity of the process, whereby he was brought into Court"—citing the case of *Rosamond v. Earle,* 46 S. C. 9, 24 S. E. 44.

Conceding that in a magistrate's Court it is the summons that gives jurisdiction, it is jurisdiction of the person and not of the subject matter of the action. Jurisdiction of the person is waived by an appearance and participation in the trial upon the merits.

The defendants also contend that the magistrate was without jurisdiction, on the ground "that the affidavit did not state that the property did not exceed $100." The affidavit stated that "the actual value of the said personal property is the sum of $100." These words were clearly intended to convey the idea that the value of the property was $100.

Judgment reversed, and case remanded to the Circuit Court for the purpose of disposing of the grounds of appeal which were not considered by that Court.