### 11658

CHERAW MOTOR SALES COMPANY v. SEYMOUR *ET AL.*

(126 S. E., 39)

PLEADING—SPECIAL APPEARANCE TO OBJECT TO JURISDICTION EX-
TENDED TIME WITHIN WHICH TO ANSWER OR DEMUR.—Under Code
Civ. Proc. 1922, § 406, providing that party who has appeared spe-
cially to object to jurisdiction, on overruling of objection, may
"thereafter appear generally, or answer," defendant's special ap-
pearance to object to jurisdiction extended time within which to
answer or demur, notwithstanding Sections 407-409.

Before DENNIS, J., Chesterfield, May, 1924. Affirmed.

Action by the Cheraw Motor Sales Company against J. S.
Seymour and others. From an order opening a default
judgment and allowing the defendants to answer, plaintiff
appeals.

*Messrs. Pegues & Murray,* for appellant, cite: *General
rule on motions to reopen judgments:* 118 S. E., 27. *Mo-
tion was not made under* Sec. 437, Vol. I, Code 1922, *but
being construed under* Sec. 406, Vol. 1, Code 1922, *was
error. Time for answering:* 102 S. C., 357. *Remedies:*
Secs. 406, 407, 408, 409, Vol. 1, Code 1922. *Default:* Sec.
526, Vol. 1, Code 1922. *Res judicata:* 119 S. E., 237.

January 7, 1925.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The statement reads:

This is an action upon a bond given to secure the release
of Ford automobile attached in an action for the purchase
money; the bond being executed by Maurice Rainwater, as
principal, and J. S. Seymour and Harvey L. Burnett as

sureties. However, the complaint in this action alleges that the former action was in claim and delivery.

"The original action in which the warrant of attachment was issued was brought by Cheraw Motor Sales Company against Maurice Rainwater. When the Ford automobile was attached by the Sheriff, the defendant, Rainwater, put up bond to secure its release; said bond being conditioned 'to pay or cause to be paid any and all such judgments as may be recovered by plaintiff, etc.' The case of Cheraw Motor Sales Company against Maurice Rainwater was tried before Judge T. J. Mauldin and a jury on the 18th day of April, 1922, and a verdict rendered for plaintiff in the sum of $302.50. From verdict and judgment the defendant appealed to the Supreme Court, and the judgment of the lower Court was affirmed. (See 119 S. E., 237.) After the remittitur came down from the Supreme Court, execution was entered on the judgment against Rainwater, and same was returned *nulla bona* by the Sheriff of Chesterfield County.

"Demand was made upon J. S. Seymour and Harvey L. Burnett, the sureties upon Rainwater's bond, for payment of the judgment, and upon their failure to pay, the case at bar was brought. This action was commenced by the service of a summons and complaint on the 6th day of February, 1924. Within 20 days after the service of the summons and complaint, the defendant, Seymour, served a notice that he appeared solely for the purpose of questioning the jurisdiction of the Court, and gave notice that on the 1st day of the April term of Court he would move to dismiss the action upon several grounds. No answer or demurrer were served within 20 days after the service of the summons and complaint, and attorneys for plaintiff made affidavit to that effect, and on the 5th day of March, 1924, took judgment against the defendant, Seymour, by default. At the time the default judgment was taken, the motion to dismiss the action had not been heard, and was

still pending. On notice duly served, motion was made before his Honor, Judge E. C. Dennis, to open the judgment by default, and the notice also stated that the motion to dismiss the action would be renewed.

"After hearing counsel for and against the motion, his Honor, Judge Dennis, May 24, 1924, held that Section 406, Vol. 1, Code of 1922 (Civil Procedure), controlled, and that said section operated to extend the time for answering or demurring where notice of appearance was made solely to object to the jurisdiction of the Court, and by order dated May 30, 1924, ordered that the said judgment be vacated and opened; and allowed defendant 10 days from the date of said order in which to answer. From this order opening the default judgment and allowing defendant to answer, plaintiff appeals to the Supreme Court."

The order appealed from is:

"This matter comes before me on motion to open a judgment obtained against the defendant, J. S. Seymour, by default. It appears that after the service of the summons and complaint, and within the 20 days allowed for answering, the defendant, Seymour, served on the attorneys for plaintiff a notice of appearance for the special purpose of pleading to the jurisdiction of the Court, and stating several grounds on which he would move to dismiss the action. No answer or demurrer were served within 20 days after the service of the summons and complaint, and the attorneys for plaintiff, after making affidavit to that effect, secured a judgment by default.

"The motion to open the judgment is made on the ground that, notice of appearance having been served, no judgment by default could be taken against this defendant, and further that the affidavit of default does not state that no notice of appearance was served.

"The notice to open the judgment also contains a notice that the motion to dismiss the action would be renewed.

"After hearing counsel for and against the motion, I am of the opinion that Section 406, Vol. 1 of the Code of 1922 (Code of Civil Procedure), controls, and that under this Section the notice of appearance to plead to the jurisdiction would operate to extend the time to answer or demur, and that after the interposition of such notice of appearance, and after it had been heard, the defendant would still have the right to answer or demur, and it is hereby ordered that the judgment obtained in this action on the 5th day of March, 1924, be, and the same hereby is, opened and vacated.

"Ordered further that the defendant, J. S. Seymour, have 10 days from the date of this order in which to answer or demur as he may be advised.

"It is further ordered that the Clerk of Court of this County transfer this cause from Calendar 3 to Calendar 1 for trial.

"On hearing the motion to dismiss, I am satisfied that same should be overruled, as defendant cannot raise the questions set out in said notice of motion by motion, and can only raise these questions by answer.

"It is, therefore, ordered that the motion to dismiss the action be, and the same hereby is, overruled."

The appellant claims that Section 406 must be read in connection with Sections 407, 408, and 409. There is nothing in those sections that impairs the force of the provision of 406 when the right to answer after the motion to dismiss for want of jurisdiction is refused. The words of the statute—

"Upon the overruling of such objection to the jurisdiction and giving of such notice, such party may *thereafter* appear generally or answer or plead or contest upon the merits, and such general appearance, answer, pleadings or contest upon the merits shall not be deemed a waiver of the objection to the jurisdiction."

These words are clear and controlling. Judge Dennis was right. The judgment appealed from is affirmed.

Messrs. Justices Watts, Cothran and Marion concur. Mr. Chief Justice Gary did not participate.