14546

DUFFIE v. EDWARDS

(193 S. E., 211)

*Messrs. Dunlap, Dunlap & Roddey,* for appellant, cite:

*Messrs. J. C. Mooneyham* and *C. E. Saint-Amand,* for respondent, cite:

October 13, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

September 14, 1936, R. L. Ruth, as the agent of the defendant D. N. Edwards, the appellant here, procured from Magistrate Upton of Gaffney, Cherokee County, a warrant which charged Oliver Duffie, respondent here, with the offense of disposing of property under lien. Upon this warrant Duffie was arrested, incarcerated in the jail, tried and convicted. He appealed from the sentence and judgment of the magistrate's Court to the Court of General Sessions for Cherokee County. Judge Oxner, who heard the appeal, reversed the judgment of the magistrate's Court, and dismissed the warrant of arrest.

Thereafter, Oliver Duffie brought action in the Court of Common Pleas for Cherokee County against D. N. Edwards charging him with malicious prosecution.

The defendant demurred to the complaint on the grounds:

(1) That the Court has no jurisdiction of the person of the defendant because it appears upon the face of the com-

plaint "that the defendant is a resident of one of the counties of the State of South Carolina," although plaintiff well knew that defendant is a resident of York County, S. C.

(2) That two causes of action have been improperly united in the complaint; to wit, a charge of malicious prosecution, and a charge of false imprisonment.

(3) (a) The complaint does not allege the county of defendant's residence. (b) There is no allegation in the complaint that the defendant has been dismissed, or found "not guilty," or that the action pending in the magistrate's Court is ended, and that he was finally discharged, nor that the prosecution was wholly ended and discharged. (c) It appears upon the face of the complaint that no crime was charged against the plaintiff.

The demurrer was heard by Judge S. W. G. Shipp, who overruled it in an order which holds:

(1) That the defendant by appearing generally, and not specially to object to the jurisdiction of the Court and move to transfer the case to the county of defendant's residence, waived the right to question whether the Court had obtained jurisdiction of the person of the defendant.

(2) That the facts set forth in the complaint do not substantiate the charge that two causes of action are improperly united.

(3) That the facts set forth in the warrant, attached by copy to the complaint, show that the warrant did charge a crime.

The defendant appeals upon the grounds stated in three exceptions:

(1) Error to hold that the warrant met the requirements of the law, and did charge plaintiff with a crime.

(2) Error to hold that as the defendant had demurred to the complaint, he had thereby submitted himself to the jurisdiction of the Court.

(3) Error to hold that the warrant complied with the law which provides that all proceedings before magistrates in

criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue.

We may consider the first and third exceptions together.

Judge Shipp quoted the above provision of the statute, and said: "The warrant in this case charged the defendant with disposing of property under lien, and went so far as to name the property disposed of. The Magistrates of the State as a rule are men of sound judgment, but they are not supposed to be learned in the law, and the law does not therefore require technical precision in them in the preparation of warrants, so long as a warrant sets forth plainly and substantially the crime charged."

Judge Shipp was construing Section 930, Code 1932.

The allegations of an indictment are required to be more explicit and exact than those of a warrant issued from a magistrate's Court. Section 1003 of the Code, 1932, provides that: "Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as now required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the same, or so plainly that the nature of the offense charged may be easily understood."

The Court construed this section in the case of *McCall v. Alexander,* 81 S. C., 131, 61 S. E., 1106, 1107. There the warrant charged the plaintiff with disposing of a bale of cotton on which deponent had a statutory lien for rent without paying the money in to the Clerk of Court within 10 days. The demurrer to the complaint was that the warrant did not allege that the property was sold without the written consent of the lienee. This Court said: "The words, 'or so plainly that the nature of the offense may be easily understood' show that, even if the defendant had been tried in the Court of General Sessions on a formal indictment,

setting forth the facts alleged to have been stated in the warrant, it would have been deemed sufficient."

That Judge Shipp's construction of Section 930, Code 1932, is correct is shown by the opinion of this Court in the case of *McConnell v. Kennedy,* 29 S. C., 180, 7 S. E., 76, 80. This section was then Section 20 of the Criminal Code. The Court said: "It is quite clear that even at common law, where the greatest strictness was observed in all criminal proceedings, it was never deemed necessary that the warrant, or affidavit upon which it was based, should set forth the offense charged with the technical precision required in indictments. 1 Chit. Cr. L., 42, and note; *State v. Killet,* 2 Bailey [289], 290; *State v. Everett & Porter,* Dud., 295 [298]; *State v. Rowe & Vaughn,* 8 Rich., [17], 20. The manifest object of the provision of the General Statutes above quoted was to require that the offense with which a party was charged should be so set forth, 'plainly and substantially,' as would enable the party accused *to understand the nature of the offense with which he was charged, so that he might be prepared to meet the charge at the proper time.* [Italics added] It certainly never was designed to require any mere formality or technical accuracy in stating the offense. This, as we have seen, never was required, and it would be unfortunate for the interests of public justice that it ever should be."

In our present case. the warrant charges that: "One Oliver Duffie did violate the law by disposing of property under lien, said property to wit: three iron beds, mattresses, and springs, one New Perfection Oil Stove, one dresser valued at $10.00, for which said Oliver Duffie did mortgage to said deponent, and did receive said money, mortgage is past due, and deponent taken claim and delivery for said property, and the Sheriff cannot find same."

However ungrammatical and illy constructed the language in which this charge is couched may be, we cannot doubt

that Oliver Duffie understood that he was charged with the offense of disposing of property under lien.

The second exception charges the trial Court with error in holding that, because the appellant filed the demurrer objecting to the jurisdiction of the Court, he submitted to the jurisdiction of the Court.

This question is disposed of contrary to this contention by the decision of this Court in the appeal of the case of *Rosamond v. Earle*, 46 S. C., 9, 24 S. E., 44, 45. That was a civil action in trial justice Court. Defendant, on the day fixed by the summons for the defendant to appear, did appear and interposed his demurrer to the jurisdiction of the Court on three grounds: (a) Because the summons required the defendant to appear on the twentieth day after the service of the summons, exclusive of the day of service. (b) Plaintiff ought to have required defendant to account before he brought suit. (c) Because the complaint does not state a cause of action against the defendant. The trial Justice sustained the demurrer on the ground stated in paragraph (a), and dismissed the complaint. The Circuit Judge sustained this order. This Court on appeal said: "We think that, if defendant in the case at bar had desired to exercise his undoubted right to object to any jurisdiction of his person by the trial Justice, he ought to have appeared for that purpose alone. When, however, as in this case, he actually answers to the merits, and demurs to the merits also [for in his demurrer he included the ground that the complaint did not state facts sufficient to constitute a cause of action], he surrenders his right to question the jurisdiction of his person by the trial Justice."

This opinion was filed in 1895, and has been repeatedly affirmed.

When the defendant in our case appeared and filed his demurrer to the complaint on two grounds that went to the merits of the controversy in addition to the ground of juris-

diction, he submitted his person to the jurisdiction of the Court.

We concur with the Circuit Judge, and overrule the exceptions to his order.

Appellant's counsel ask that, in the event that the order of Judge Shipp be sustained, appellant be allowed the right to make a special appearance to have the venue changed to York County, and that the appellant be allowed to file his answer to the complaint.

We do not think that that matter is now properly before this Court for its action.

All exceptions are overruled, and the order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.