15955

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT v.
ISTHMIAN S. S. CO.
(43 S. E. (2d) 132)

*Mr. John M. Daniel,* Attorney General, of Columbia, and *Messrs. Huger Sinkler* and *Augustine T. Smythe,* of Charleston, for Appellant, cite:

*Messrs. Moore & Mouzon,* of Charleston, for Respondent,
cite:

June 6, 1947.

STUKES, J.: It is recited in the statement of facts contained
in appellant's brief that this action was commenced by service
of summons on the 5th day of March, 1946, and thereafter
upon the Secretary of State of South Carolina in accord-

ance with Section 7765 of the Code. On the 25th day of March, 1946, and thereafter by similar notice in regard to the service upon the Secretary of State, defendant's attorneys served notice of a motion to quash and set aside these services on the grounds that defendant was not doing business in the State of South Carolina, and that the persons served were not its agents.

Thereafter and before the Court had made any ruling upon these objections to the jurisdiction, plaintiff filed its complaint in the office of the Clerk of Court on November 8, 1946. On November 28, 1946, and still before the Court had made any ruling on the objections to the jurisdiction, defendant's counsel served upon plaintiff's counsel an answer to the merits including an affirmative defense and also served notice of a motion to dismiss the case upon the merits. The answer and the notice of motion contained preambulatory statements seeking to reserve defendant's rights under the motion to set aside the service.

Meanwhile, the Court having made an order of reference to the Master to take testimony and report on the questions raised by the motion to quash and set aside the service, and the Master having filed his report and before the Court had made any ruling on the defendant's objection to the jurisdiction for want of proper service, at the conclusion of the arguments on the exceptions to the Master's report, and after the Court had announced that it would take the matter under advisement, the defendant presented its motion to dismiss. Plaintiff's counsel took the position that the motion was not well brought and that the matters set out in it should have been raised by demurrer or answer. The Court sustained this position and dismissed the motion. Thereupon defendant's counsel asked leave of the Court to file an amended answer, setting up these matters if so minded, and the Court gave such leave.

Thereafter, on January 6, 1947, plaintiff's counsel served notice of a motion for an order holding that the defendant

had made a general appearance, and submitted itself to the jurisdiction of the Court by serving the answer, by serving the notice of motion to dismiss, by presenting the motion to dismiss, and by asking for and securing leave to file an amended answer. This motion came on to be heard before Judge William H. Grimball at chambers, who made an order dated January 31, 1947, dismissing the motion and holding that the defendant had not made a general appearance. It is from this last stated order of Judge Grimball that this appeal was taken.

The issues made by the pleadings are as follows: The complaint alleges that the John P. Grace Memorial Bridge of plaintiff, over the Cooper river at Charleston, was damaged on the 24th day of February, 1946, by being struck by the ship Nicaragua Victory, which had dragged her anchor and which was on that occasion under the direction, operation and control of defendant, its agents and servants, and that the damage to the bridge· was caused by the carelessness, recklessness, wantonness, and negligence of defendant, its agents and servants, in the particulars specified in the complaint. The answer denies the allegation in regard to the ship being under the control of defendant, denies the allegations of carelessness, recklessness, wantonness and negligence, and sets up an affirmative defense, alleging that the damage to the bridge was due to a violent storm, constituting an Act of God.

In its brief on appeal respondent expressly accepted the foregoing factual statement with the following addition: The questions raised by the motion to quash the service of the summons having been referred, on motion of appellant, to the Master to take testimony and report, references were in progress when the complaint was filed and notice thereof given to defendant. The motion to dismiss the action, notice of which was served just prior to the answer, was in effect a demurrer, being based on the ground that plaintiff's cause of action was against the United States and not against the defendant. This motion was presented

only upon the insistence of plaintiff's counsel and the order of the Court, defendant's counsel not wishing to present the motion at that time. When defendant's counsel asked leave to amend the answer, if so minded, so as to set up the ground stated in the notice of motion, the request was made orally, informally, and in the course of discussion, after plaintiff's counsel had taken the position that the ground should have been set up by answer or demurrer, and not by motion.

It will be noted from the foregoing that there is some contention between counsel relating to the circumstances surrounding the motion to dismiss the action on the merits, which respondent likens to a demurrer to the complaint. For that reason the following is quoted from the statement in the agreed transcript of record for appeal:

"The Master having filed his report, finding that the persons served were agents of the defendant and that the defendant was doing business in South Carolina, and before the Court had made any ruling on the defendant's objection to the jurisdiction for want of proper service, at the conclusion of the arguments on exceptions to the Master's report, defendant presented its motion to dismiss. This was at the direction of the Court and upon the insistence of plaintiff's counsel, defendant's counsel having requested that the presentation of the motion be deferred pending decision of a certain cause in the United States Supreme Court. Plaintiff's counsel took the position that the motion was not well brought and that the matters set out in it should have been raised by demurrer or answer. The Court sustained this position and dismissed the motion. Thereupon defendant's counsel asked leave of the Court to file an amended answer setting out these matters, if so minded. and the Court gave such leave."

On January 18, 1947, the trial Judge passed an order in which he overruled the motion but granted respondent leave to file an amended answer, incorporating therein as

an additional defense the matters set forth in the notice of the motion, and he recounted the pertinent proceedings had before him, as follows:

"On November 28th, 1946, counsel for the Defendant served upon counsel for Plaintiff notice that on the 4th day of December, A.D. 1946, the Defendant would move before me for an order dismissing this action upon the ground that it is one in tort founded upon the alleged negligent operation of the steamship 'Nicaragua Victory,' a vessel which at the time involved in this action was owned by the United States of America through its War Shipping Administration and whose Master and crew were agents of the United States and not of the Defendant, and that the Defendant is not responsible for the actions of such Master and crew, negligent or otherwise. On the same day, counsel for Defendant served upon Plaintiff's counsel an answer in this cause wherein the Defendant answered to the merits and set up the affirmative defense of Act of God.

"On January 4th, A.D. 1947, upon the conclusion of the argument in regard to the exceptions to the Master's report herein, Defendant's counsel presented to the Court the motion above referred to. Plaintiff's counsel took the position that under the authority of *Cheraw Motor Sales Co. v. Seymour*, 130 S. C. 307, 126 S. E. 39, and the Code of South Carolina, which provides that there are only three pleadings, Complaint, Answer and Demurrer, the motion was not well brought and that the matters set up in it should have been set up in an answer and asked that the motion be dismissed. Upon consideration, I stated that I was in agreement with Plaintiff's counsel and that I would dismiss the motion and did so dismiss it.

"Thereupon Defendant's counsel requested of me leave to file an amended answer, setting up the matters set out in the notice of motion above referred to. Plaintiff's counsel having stated that they had no objection, I thereupon gave the Defendant leave to file an amended answer.

"This order is made for the purpose of confirming what was done on the occasion above referred to."

Thereafter in his order of January 31, 1947, that now under appeal, he referred again to the proceedings before him concerning respondent's motion to dismiss, as follows:

"On December 20th, 1946, the master filed his report— this being favorable to plaintiff. Exceptions to this report were served on December 30th, 1946, and on January 4th, 1947, these exceptions were thoroughly argued before me, the arguments consuming approximately three hours. At the end of the arguments I stated that I would have to take the matter under advisement for further study and consideration.

"Plaintiff's counsel then stated that they wished to have disposed of defendant's motion to dismiss. Defendant's counsel stated that they did not wish to make this motion at this time. Plaintiff's counsel insisted that this motion should be disposed of at this time. Upon the insistence of plaintiff's counsel and over the insistent objection of defendant's counsel, I directed the latter to proceed with the motion. Plaintiff's counsel then took the position that the motion should be dismissed for the reason that the issue thus attempted to be raised could only be raised by either answer or demurrer and not by motion. Agreeing with plaintiff's counsel I ruled that I would dismiss the motion on the grounds stated.

"Defendant's counsel then asked if they would be permitted to amend their answer, if they were so minded, so as to include the issue contained in this motion. I ruled that they would have this permission."

From all of this it is clear that respondent voluntarily noted its motion to dismiss which it now denominates a demurrer. Only disposition of it came earlier than it afterward desired, and of course the motion could have been withdrawn before at respondent's election. But the matter is not of the importance indicated by the conten-

tions thereabout in the Circuit Court and here, because respondent answered the complaint on the merits which was a general appearance despite its attempted preservations by words of its former but unadjudicated special appearance to resist the jurisdiction of the court.

The law is well settled in apparently all of the States and also in the Federal courts before the recent adoption of the new Federal Rules of Procedure, 28 U. S. C. A. following section 723c, that when a defendant becomes the actor in an event which contemplates, in effect impliedly acknowledges, the jurisdiction of the court before disposition of a prior special appearance to test the jurisdiction of his person, he waives the objection raised in the special appearance and becomes subject to the jurisdiction of the court. That, quite clearly, is this case. *Garrett v. Herring Furniture Co.,* 69 S. C. 278, 48 S. E. 254. *Rosamond v. Earle,* 46 S. C. 9, 24 S. E. 44, 45, from which we quote: "We think that, if defendant in the case at bar had desired to exercise his undoubted right to object to any jurisdiction of his person by the trial justice, he ought to have appeared for that purpose alone. When, however, as in this case, he actually answers to the merits, and demurs to the merits also (for in his demurrer he included the ground that the complaint did not state facts sufficient to constitute a cause of action) he surrenders his right to question the jurisdiction of his person by the trial justice. There is a long line of cases in our report as to the effect of this waiver by the defendant."

As stated, it is also the established rule of other jurisdictions, without the aid of statute, that general appearance for any purpose before disposition of objection to jurisdiction of the person waives the latter objection even when it is expressly attempted to be reserved, as here (except reservation was not attempted here in the motion for leave to amend the answer). It is the substance of the act and not the form or language which counts. 6 C. J. S. Appearances, § 12, pp. 22, 23; 2 Enc. Pl. & Pr.

625; 18 Ann. Cas. 913; 16 L. N. S. 177; L. R. A. 1916-E 1082; 129 A. L. R. 1249 and subject case of the annotation, *Industrial Trust Co. v. Rabinowitz,* 65 R. I. 20, 13 A. (2d) 259, 129 A. L. R. 1236. No contrary autlhority has been cited and we have found none.

Risk of danger of default by a defendant desiring to attack the jurisdiction of any court of this State was removed by passage of Act No. 39 of 1919, 31 Stat. 55, entitled, "An act to regulate the procedure before courts or other tribunals when objection is made to the jurisdiction," which is now codified as sections 463 *et seq.* of the Code of 1942. Under these express statutory terms respondent's time to answer the complaint in this action was extended until disposition of its attack upon the jurisdiction. *Cheraw Motor Sales Co. v. Seymour,* 130 S. C. 307, 126 S. E. 39. Citation of authority is unnecessary for the conclusion that its answer, application (the latter without any purported reservation) and procurement of leave to amend, and motion to dismiss the complaint on the merits, certainly all together and doubtless each singly constituted a voluntary, general appearance, but see Code sec. 441 and cases in the footnotes; and, in the face of it, the pending challenge to the jurisdiction of the court fell to the ground. Respondent's attempted reservation *ex parte* failed also because such would have been in order under the statute only after adverse ruling upon the jurisdictional attack. This conclusion accords with the completely clear provisions of Sec. 463 of the Code, which was a part of the cited act of 1919.

This section of the Code provides, with such clarity that it cannot be misunderstood, when answer or other contest upon the merits may be made without waiver of a former jurisdictional objection and it must be after the overruling of such an objection and upon notice of the reservation of the point. The section is here reproduced:

"When in any case or proceeding before any court or other tribunal any party shall appear for the sole purpose

of objection to the jurisdiction of such court or tribunal, and such court or tribunal shall upon such objection being made overrule the same, such party may give notice, either to the court or tribunal or to the opposing party, that he intends to rely on such jurisdictional objection or reserve his rights thereunder. Upon the overruling of such objection to the jurisdiction and giving of such notice, such party may thereafter appear generally or answer or plead or contest upon the merits, and such general appearance, answer, pleading or contest upon the merits shall not be deemed a waiver of the objection to the jurisdiction."

Respondent mistakenly relies upon the text in 3 Am. Jur. 807, 808, and quotes from it at length in the brief. It relates to the taking of steps to contest an action on the merits after the overruling of objection to jurisdiction and points out the difference in the rules of other courts thereabout. But that is not the situation now presented and the conflict of the authorities under such circumstances has nothing to do with the problem of this case. Respondent's motion to dismiss on the merits, answer and motion to amend the latter, all going to the merits, were made during the pendency of the objection to jurisdiction and before decision upon it. The inconsistency is patent; respondent in one breath denied the jurisdiction of the court and in the next sought relief from it consistent only with the court's jurisdiction of the action. Waiver arises from such inconsistency. A general appearance is implied. 3 Am. Jur. 787 *et seq.*; 6 C. J. S., Appearances, § 13, p. 42. It is different, of course, after adverse decision upon a jurisdictional objection. No inconsistency arises then from pleading to the merits; and that is the condition in which our cited statutes carefully protect the rights of a defendant.

In the 1946 supplement to Vol. 3, Am. Jur., the following is added as a footnote to page 790: "If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection." Restatement of Conflict of Laws, p. 125, contains the follow-

ing: "His (defendant's) appearance (here by answer, motion to dismiss on the merits and motion to amend the answer—interpolated) entails the consequence of subjecting him to the jurisdiction of the court *although he does not intend and expressly states that he does not intend his appearance to have that consequence.*" (Emphasis added.)

The former decisions of this court likewise deny effect to a defendant's intention, however formally expressed, to make objection to the jurisdiction in addition to pleading to the complaint or otherwise appearing generally. *Duffie v. Edwards,* 185 S. C. 91, 193 S. E. 211, citing *Rosamond v. Earle, supra,* 46 S. C. 9, 24 S. E. 44. There is no material difference between first appearing specially to resist jurisdiction and afterward, with that undisposed of, demurring or answering, and including the objection to jurisdiction in a demurrer or answer. In both cases the inconsistencies come to exist at the same time which results under all of the authorities, even in the absence of statute, to a general, voluntary appearance.

By way of additional sustaining ground respondent argues for affirmance upon the authority of *Barfield v. Southern Cotton Oil Co.,* 87 S. C. 322, 69 S. E. 603, where it was held that a defendant may answer, with express reservation, pending decision upon a previous motion to change the venue to another county, without waiving the latter. We do not think the case analogous for the defendants there did not object to the jurisdiction of the Court of Common Pleas, our court of general jurisdiction but to that court for Lexington County upon the ground that the action was against a foreign corporation and a resident of Richland County, to which county the case was transferred for trial. Incidentally, the question of venue seems to receive peculiar treatment by some courts and the following quotation from 6 C. J. S. Appearances, § 18, pp. 58, 59, indicates that our *Barfield case, supra,* accords with a minority view: "In some states, however, defendant may subsequent to a general appearance tender his plea of privilege as to venue if

that right has not been expressly or impliedly waived by trial on the merits or default in pleading after appearance."

The *Barfield case* related, as already indicated, to change of the place of trial or venue of the action from one county of the state to another, and not to the jurisdiction of the courts of South Carolina, as the present controversy does. The subject of that case is embraced in section 426 of the current Code, which expressly empowers the court to change the place of trial when the county designated for that purpose in the complaint is not the proper county and upon other stated grounds. Appended to that section of the Code is the comment of the annotator who points out that the former phraseology of the section was different and expressly required notice of such a motion or demand before answering time expired. There is manifest difference between a complete challenge of the jurisdiction of the court, as here, and an effort to change the place of trial to another county, for the latter course implies certain jurisdiction. In the absence of all jurisdiction, here contended for but question waived by answer upon the merits and other inconsistent acts, there is no jurisdiction to change the place of trial to another county. Default judgment against a defendant who was sued in the wrong county will not be set aside. *Lillard v. Searson,* 170 S. C. 304, 170 S. E. 449. It is otherwise if there was no jurisdiction. Objections to venue should be thus distinguished from objections to jurisdiction.

Similar observation is applicable to *Whaley v. Lawton,* 53 S. C. 580, 31 S. E. 660, cited by respondent, in which approval was given the practice of answering on the merits with reservation of a former motion to require that the complaint be made more definite and certain. That has no relation to the jurisdiction of the court except to impliedly acknowledge it; and there is no inconsistency in the motion and the answer as there is here between contemporaneous denial of jurisdiction and active resort to the jurisdiction for relief. Besides, of course, there is the cited statute which governs the case in hand.

Respondent .complains of the "technical" character of appellant's position which we uphold as sound; but appellant replies that respondent is in a glass house of its own making. Stones were cast back and forth in argument. The following is from 6 C. J. S. Appearances, § 7, p. 13: "Where there is no statute to the contrary the right of a party to appear specially to object to the jurisdiction of the court over his person, and have that question determined *in limine*, is generally recognized; but this right is not a substantial one inherently existing, and * * * it can be, and has been, taken away by statute in a number of states. Any rules of procedure prescribing the method for making a special appearance must be followed." In this case there was no effort to follow our expressly applicable statute. Insistence upon the logical and universally established result of such failure cannot fairly, we think, be considered a "technical" position, particularly under the circumstances of this case which involves a collision in Charleston harbor. There is no question, of course, of jurisdiction of the subject-matter of the litigation.

By subsequent appeal of the present respondent, which reached this court for consideration after argument of this, it appears that the Circuit Court eventually overruled the objections to the jurisdiction of the court. Disposition of the later appeal will be made concurrently with the filing of this opinion.

The judgment of the Circuit Court is reversed and respondent is held to have waived its objections to the jurisdiction of that Court. In so far as its contentions in that connection may constitute a defense, or defenses, to liability on the merits of the alleged cause of action (as to which we express no opinion), they are unaffected by this decision.

Reversed and remanded.

BAKER, CJ., and FISHBURNE, TAYLOR, and OXNER, JJ., concur.