## 18612

Jacquelyne Cook CONNELL, Respondent, v. A. J. CONNELL, Appellant

(153 S. E. (2d) 396)

*Messrs. W. C. Calhoun, John H. Williams* and *Williams & Johnson,* of Aiken, *for Appellant,*

*Messrs. Albert G. Ingram,* of Augusta, Georgia, and *Blatt & Fales,* of Barnwell, *for Respondent,*

March 1, 1967.

Moss, Chief Justice.

Jacquelyne Cook Connell, the respondent herein, and A. J. Connell, the appellant herein, were married on October 23, 1953. Three children were born of this marriage. The aforesaid marriage was terminated by a consent divorce decree on November 13, 1963, by the Superior Court of Richmond County, Georgia. The decree awarded custody of the children to the respondent, fixed the visitation rights of the appellant, and fixed the sum to be paid for alimony and support.

At the time of the commencement of the instant action, the respondent was a resident of Aiken County, South Carolina. The appellant was a resident of Richmond County, Georgia. The present action was one brought by the respondent to have the aforesaid decree modified by changing the visitation rights of the appellant, and by increasing the amount awarded for the support of said wife and children. It is alleged that such modification of the original decree should be made because of a change of circumstances affecting the interest and welfare of the wife and children. The aforesaid action was commenced by the service of a summons and petition upon the appellant in Aiken County, South Carolina. Service of the summons and petition was attested by a sheriff's certificate of service.

The appellant filed an "Answer and Return" wherein it is stated that he "makes a special appearance for the purpose of making an Answer and Return, objecting to the jurisdiction of this Court in this matter, and without waiving the same." The appellant alleged in his answer and return that the service of the summons and petition upon him in Aiken County, South Carolina, was by way of trick, he having been enticed by the respondent to come to Aiken County, where an attempted service was made by a deputy sheriff. In connection with the service of the summons and petition, the appellant further alleged that while· he was in Aiken County, South Carolina, he was acting under the terms and conditions of the above mentioned divorce decree, "and was, therefore, not liable for service of process under those conditions in the same matter."

The "Answer and Return" of the appellant pleads the "Final Judgment and Decree of Total Divorce" by the Superior Court of Richmond County, dated November 13, 1963. The appellant alleges that the parties to the action in which that decree was rendered were the same as the parties in the present action. He further alleges that the Georgia decree, among other things, determined custody and visitation rights, alimony and support; that all parties

to the action were properly before the Georgia Court and it had jurisdiction of the parties and the children. He further alleges that after the Georgia decree was rendered he "has lived up to the terms and conditions thereof" but the respondent "has not lived up to the conditions of the decree of the Superior Court of Richmond County, but has violated the same, and there is now pending in the Court for Richmond County a contempt action and other relief * *` * bearing upon the custody and support of the children with which our present action is concerned."

It is also asserted that the decree of the Georgia Court is entitled to full faith and credit here under the United States Constitution and the decision there is *res judicata* of the issues raised by the petition of the respondent here and the Court of Common Pleas for Aiken County has no jurisdiction of the matter. The appellant further alleges that the matters set forth in the petition of the respondent could be pleaded and determined in an action now pending in the Georgia Court. The appellant "affirmatively alleges" that to modify the existing Georgia decree in the present action, under an alleged change of condition, "would create a conflict of laws that could result in an order of the South Carolina Court, and an order of the Georgia Court, being directly in conflict each with the other, and causing each party to be in contempt of a court." The "Answer and Return" includes a statement that the appellant does not waive the right, subject to his appearance to answer, demur or otherwise plead to the merits and makes a part of this pleading all of the original papers, including the Georgia decree. The prayer of the "Answer and Return" of the appellant is "that the petition be dismissed and for such other relief" to which the appellant is entitled in law and equity.

The appellant moved to dismiss the action brought against him and asserted that the "Answer and Return" filed by him was a special appearance for the sole purpose of objecting to the jurisdiction of the court. The motion came on

to be heard before the presiding judge and he held that the "Answer and Return" filed by the appellant was an answer on the merits and, as such, was a general appearance and was fatal to any jurisdictional objection which the appellant attempted to reserve therein. It from the aforesaid order that the appellant prosecutes this appeal. A determination of whether the appellant made a special or general appearance will dispose of the questions made by the exceptions.

Whether an appearance is general or special is determined by the relief sought, and if a defendant, by his appearance, insists only on objection that he is not in court for want of jurisdiction over his person, and confines his appearance for that purpose only, then he has made a special appearance, but if he raises any other question or asks any relief which can only be granted on the hypothesis that the court has jurisdiction of his person, then he has made a general appearance. If a party wishes to insist upon the objection that he is not in court, he must keep out for all other purposes except to make that objection. *South Carolina State Highway Department v. Isthmian S. S. Co.,* 210 S. C. 408, 43 S. E. (2d) 132. Other decisions of this court likewise deny effect to a defendant's intention, however formally expressed, to make objection to the jurisdiction in addition to pleading to the complaint or otherwise appearing generally. *Duffie v. Edwards,* 185 S. C. 91, 193 S. E. 211; *Rosamond v. Earle,* 46 S. C. 9, 24 S. E. 44.

Under Section 10-648 of the Code, a party is given the right to appear for the sole purpose of objecting to the jurisdiction of the court and he must not file an answer or make contest upon the merits until the overruling of such objection and the giving of notice that he intends to rely on such jurisdictional objection or to reserve his rights thereunder. Under the aforesaid section and our decisions, a defendant's time to answer so as to avoid a default is extended until disposition of his attack upon the jurisdiction. *Cheraw Motor Sales Co. v. Seymour,* 130 S. C. 307, 126 S. E. 39.

The appellant in his "Answer and Return" filed a number of defenses, among them being the plea of *res judicata* as a bar to this action. It is a general rule that *res judicata* is an affirmative defense and must be pleaded. *Clifton v. Darlington Finance Co.,* 231 S. C. 672, 100 S. E. (2d) 404; *Beatty v. National Surety Co.,* 132 S. C. 45, 128 S. E. 40. We quote from the last cited case:

"* * * The facts alleged in the special plea as to an adjudication of the rights of the parties in another action between the same parties, involving the same subject-matter, etc., constituted the defense of an estoppel by record, which should have been pleaded by answer. * * *"

The plea of *res judicata* or the previous recovery of judgment on the same cause of action, is a defense which must be pleaded and presented like any other defense; and if it is not so pleaded and proved, there is nothing to prevent the court from rendering judgment in the second action. *Curtis v. Renneker,* 34 S. C. 468, 13 S. E. 664. The appellant interposed the plea of *res judicata* as a defense against recovery by the respondent in this action. The defense of *res judicata* deals with the merits of the controversy rather than the jurisdiction of the court.

It is not clear whether the appellant takes the position that the court has no jurisdiction of the subject matter of this action. However, if this is his position an objection that the court has no jurisdiction of the subject matter of the action is considered in law as taken to the merits and not merely to the jurisdiction of the court over the person of the defendant, and an appearance for the purpose of entering such objection is, in fact, a general appearance which waives any defect in the jurisdiction arising either from the want of service on the defendant or from a defect therein. *In re Blalock,* 233 N. C. 493, 64 S. E. (2d) 848, 25 A. L. R. (2d) 818.

■ Since we have concluded that the appellant filed an answer going to the merits of the controversy here involved, he waived his objection to the jurisdiction of the court.

Affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.