0653

Mary Anne WILLIAMS, Appellant v.
Harold Wayne WILLIAMS, Respondent.
(341 (S. E. (2d) 645)
Court of Appeals

*Henry T. Gaud,* Charleston, *for appellant.*

*Paul N. Uricchio, Jr.,* of *Uricchio, Howe & Krell,* Charleston, *for respondent.*

Heard Jan. 22, 1986.

Decided March 18, 1986.

GARDNER, Judge:

This is an appeal from a supplemental order reducing alimony to be paid by the husband to the wife. The original divorce decree of October 29, 1982, incorporated an agreement of the parties and provided, *inter alia,* "that the support, alimony payments, and all other matters and things herein agreed to by and between the parties will be reevaluated and readjusted no later than July 1, 1983." A hearing was held on August 18, 1983, at which the wife's attorney and the wife appeared. The wife's attorney first argued (1) that he had not been employed for the second hearing, and (2) his client had not been served with a notice of the hearing; after extensive questioning by the court, the following colloquy occurred between the court and the attorneys.

THE COURT: Now, what about this? I know that the issues are that she is teaching now and she is going to be drawing x amount of money, the Order pointed toward that, that it should be done by July 1st. How about you submit a financial declaration and get some statement from the State Board of Education as to what her take home pay is going to be. Gross doesn't mean anything to me, it's take home. What you can put on the table. And he will furnish you what her earnings are. If ya'll can't decide it by September 1st, I'll decide it. Will ya'll stipulate to that?

MR. URRICHIO [sic]: Yes, sir.

MR. GAUD: Yes, sir.

THE COURT: And then you won't have to go through serving papers or anything because the order really leaves it open for that without specifying how you are going to get back in Court. If you can't decide it, send me the data and I'll make the decision in Spartanburg. I keep notes. I think you all can decide it, though.

MR. GAUD: Thank you, sir.

MR. URRICHIO [sic]: Thank you sir.

On September 1, the wife's attorney wrote the court again complaining about no notice and the trial judge responded by letter of September 9, 1983, to the effect that if he, the trial judge, did not hear from either of the attorneys concerning a settlement on or before September 20, 1983, the court would issue its order based upon the notes taken at the hearing of August 18. After other correspondence between the parties and Judge Laney, the court issued the appealed order. We affirm.

On appeal the wife asserts (1) that due process was not accorded her because she had no notice of the hearing on August 18 and the court did not hear the facts of the case and (2) that the court erred in forcing the wife into a hearing when her attorney made a special appearance to object to the jurisdiction of the court.

We find no merit to this appeal. The wife was represented at the hearing and there was a clear stipulation, above recited, that the court would issue its order on the terms stated in the stipulation if the parties reached no agreement. The parties did not reach an agreement. The court

entered an order in accordance with a stipulation[1] and after
a careful study of the record we find no error.

For the reasons stated, the appealed order is affirmed.

Affirmed.

SANDERS, C. J., and BELL, J., concur.

---

[1] As to continuing jurisdiction of Family Court, *see* Section 20-7-420(25), Code of Laws of South Carolina, as amended 1984; as to voluntary submission to jurisdiction of Court, *see Taylor v. Taylor,* 267 S. C. 530, 229 S. E. (2d) 852 (1976); *see also Connell v. Connell,* 249 S. C. 162, 153 S. E. (2d) 396 (1967).