## 21340

SECURITY MANAGEMENT, INC., Appellant, v. SCHOOLFIELD FURNITURE INDUSTRIES, INC., and Hickory Furniture Company, Defendants, of whom Hickory Furniture Company, is Respondent.

(272 S. E. (2d) 638)

*Richardson, James & Player* and *Levi & Wittenberg*, Sumter, *for appellant.*

*Nash, Chappel & Wilson,* Sumter, *for respondent.*

December 2, 1980.

HARWELL, Justice:

Security Management, Inc., appeals the decision of the trial court denying its motion that Hickory Furniture Company not be allowed to appear specially in this matter. We reverse.

This action was commenced by Security Management, Inc., against Hickory Furuniture Company by service under the Long Arm Statutes, §§ 36-2-803, 36-2-804, 36-2-806, South Carolina Code of 1976, of a summons and complaint on December 28, 1978. On January 3, 1979, counsel for Hickory contacted counsel for Security requesting an "unlimited extension of time within which to answer or otherwise plead

to the complaint". This was granted. Thereafter, several days after the otherwise mandatory twenty-day period for answering, counsel for Hicory served upon counsel for Security a notice of special appearance and a motion to dismiss. Security contested the validity of the special appearance, maintaining that Hickory by seeking the general extension had entered a general appearance. The trial court held that the action taken by Hickory was not a voluntary general appearance and that Hickory could therefore enter a special appearance. This was error.

It is generally held that an agreement or stipulation extending time to plead constitutes a general appearance. Annot., 81 A.L.R. 166, 168; 5 Am. Jur. (2d), Appearance, § 25, p. 499. The question to be resolved is whether the party intended by the appearance to submit to the jurisdiction of the court, though it is possible for a party to be deemed to have appeared generally as a matter of law. *Petty v. Weyerhaeuser,* 272 S. C. 282, 251 S. E. (2d) 735 (1979). This question may be answered by analyzing the type of action the party took and the type of relief sought. If the only action taken by the party was to question the court's jurisdiction over the party then the appearance entered is special only. See, § 15-13-380, Code of Laws of South Carolina (1976); 6 C.J.S. Apperances § 6, p. 10. However, a party may take action antecedent to, concurrent with, or subsequent to an otherwise seemingly correct special appearance which compromises the position taken and waives the jurisdictional objection. *South Carolina State Highway Department v. Isthmian S. S. Co.,* 210 S. C. 408, 43 S. E. (2d) 132 (1947); *Connell v. Connell,* 249 S. C. 162, 153 S. E. (2d) 396 (1967); *Jenkinson v. Murrow Bros. Seed Co., Inc.,* 272 S. C. 148, 249 S. E. (2d) 780 (1978), Ness, J., concurring opinion. If, prior to determination of the jurisdictional question, the defendant seeks relief which can only be granted on the theory that the court has jurisdiction of his

person, then he has made a general appearance. *Connell v. Connell, supra.*

Hickory obtained an extension for an unlimited time to answer or otherwise plead. No jurisdictional question was raised. Only after the period otherwise allowed for answering did Hickory purport to enter a special appearance. By seeking and obtaining the general extension, Hickory evidenced no intent to appear specially. Any objection to personal jurisdiction was therefore waived.

Reversed and Remanded.

LEWIS, C. J. and LITTLEJOHN, NESS and GREGORY, JJ., concur.