0870

Sam SMALLS, Jr., Respondent v. David S. WEED as Rehabilitator for the Cherokee Insurance Company, Appellant.

(353 S. E. (2d) 154)

Court of Appeals

*Robert A. McKenzie* of *McDonald, McKenzie, Fuller, Rubin & Miller,* Columbia, *for appellant.*

*David A. Fedor* and *David E. Massey,* Columbia, *for respondent.*

Heard Dec. 8, 1986.

Decided Feb. 2, 1987.

*Per Curiam:*

In this action for breach of contract, bad faith refusal to pay an insurance claim and outrage, we are called upon to decide whether the courts of South Carolina have personal jurisdiction over a Tennessee rehabilitator. The trial court found personal jurisdiction over the Tennessee rehabilitator. We affirm.

Respondent Sam Smalls, Jr. suffered fire damage to his timberjack and filed a claim with appellant Cherokee Insurance Company of Tennessee, with whom he had a contract for fire insurance. Cherokee then went into rehabilitation

proceedings in Tennessee. Smalls made a claim in the Tennessee rehabilitation proceedings which was denied by the rehabilitator. This action was commenced in May 1985. David S. Weed as rehabilitator was served with the summons and complaint by service upon the South Carolina Insurance Commissioner as statutory agent for the service of process pursuant to Section 38-5-80, Code of Laws of South Carolina, 1976.

Weed appeared specially in this action presenting four grounds for dismissal of the action: (1) that the service of process on the Insurance Commissioner did not effect personal service on him; (2) that he did not have sufficient contacts with South Carolina to permit it to constitutionally assert personal jurisdiction over him; (3) that because Smalls was enjoined by the Tennessee court from filing a claim outside Tennessee, Smalls must file the instant claim in the Tennessee rehabilitation proceeding; and (4) that by filing a claim with the Tennessee Rehabilitator, Smalls had already elected to be bound by the Tennessee proceeding. The trial judge found that service of process on the Insurance Commissioner was effective to acquire personal jurisdiction over Weed, that Weed had sufficient contacts with South Carolina to permit this State to exercise jurisdiction over him, and that Smalls need not present his claims in the Tennessee rehabilitation proceeding.

In addition to his challenge to the trial court's jurisdiction over his person, Weed also asserts that Smalls is enjoined by the Tennessee court from suing him in South Carolina. Moreover, he further claims that Smalls has elected to proceed in Tennessee by filing a claim with the rehabilitator there. These assertions go well beyond a special appearance to contest jurisdiction. As stated in *South Carolina State Highway Department v. Isthmian Steamship Company:*

> The law is well settled ... that when a defendant becomes the actor in an event which contemplates, in effect. impliedly acknowledges, the jurisdiction of the court before disposition of a prior special appearance to test the jurisdiction of his person, he waives the objection raised in the special appearance and becomes subject to the jurisdiction of the court.

210 S. C. 408, 416, 43 S. E. (2d) 132, 135 (1947).

Although the trial court's holding that it has personal jurisdiction over Weed is not based upon a finding of waiver, we may affirm the trial court on any ground apparent in the record. Rule 4, Section 8, Rules of Practice in the Supreme Court of South Carolina; *Hossenlopp v. Cannon*, 285 S. C. 367, 329 S. E. (2d) 438 (1985). Weed's attempt to assert the Tennessee court's injunction in bar of this action and his request that the trial court rule that Smalls had elected to be bound by the Tennessee proceeding constitute a general appearance and a waiver of his right to question the jurisdiction of the court over his person. Weed's claim that Smalls was enjoined by the Tennessee court is an effort to have the court afford full faith and credit to a Tennessee order which cannot be raised by special appearance. Likewise, Weed's insistence that Smalls has elected to assert his claim in the Tennessee court constituted a plea to the merits of the suit. By asserting these claims, Weed implicitly acknowledges jurisdiction of the court because the court has no authority to dispose of these issues without jurisdiction of the person of Weed. *Nocher v. Nocher*, 268 S. C. 503, 234 S. E. (2d) 884 (1977).

We recognize that under the South Carolina Rules of Civil Procedure effective July 1, 1985, the special appearance has been eliminated. *See* S.C.R.Civ.P. 12. Nevertheless, even applying the new rules to this case would avail Weed nothing because, as we read Rule 12(b), the matters just discussed must be presented by a responsive pleading.

Accordingly the order of the trial court is

Affirmed.