1164

Julia DUNBAR, Respondent v. James Michael VANDERMORE and Alphonzo Dunbar, Defendants, of whom James Michael Vandermore is Appellant.

(369 S. E. (2d) 150)

Court of Appeals

*Marvin C. Jones* of *Bogoslow & Jones,* Walterboro, *for appellant.*

*Clyde A. Eltzroth, Jr.* of *Peters, Murdaugh, Parker, Eltzroth & Detrick,* Hampton, *for respondent.*

Submitted April 13, 1988.

Decided May 23, 1988.

SANDERS Chief Judge:

Appellant James Michael Vandermore moved to have the suit against him by respondent Julia Dunbar dismissed on the ground that the Circuit Court lacked jurisdiction over his person. The Court ruled that Mr. Vandermore had waived the right to question the jurisdiction of the Court over his person by having previously obtained an extension of time from Mrs. Dunbar. We reverse and remand.

Mrs. Dunbar, a resident of South Carolina, sued Mr. Vandermore, a resident of Idaho, seeking to recover for personal injuries allegedly suffered in an automobile accident which occurred in North Carolina. Mr. Vandermore obtained an extension of time from Mrs. Dunbar "to move or file responsive pleadings." Mr. Vandermore thereafter moved for an order dismissing the suit of Mrs. Dunbar on the grounds that the Circuit Court lacked jurisdiction over both his person and the subject matter of the action, and on the further grounds of "[i]nsufficiency of process and service of process." The Court denied the motion to dismiss, ruling that Mr. Vandermore had made a general appearance by obtaining an extension of time and had thereby waived the right to question the jurisdiction of the Court over his person. The issue presented on appeal is whether the Court erred in denying the motion on this basis.[1]

The Circuit Court based its decision denying the motion to dismiss on two cases: *Security Management, Inc. v. Schoolfield Furniture Industries, Inc.,* 275 S. C. 466, 272 S. E. (2d) 638 (1980), and *Smalls v. Weed,* 291 S. C. 258, 353 S. E. (2d) 154 (Ct. App. 1987).

---

[1] The other grounds of the motion were not addressed by the Court.

In *Security Management,* the defendant obtained an extension of time from the plaintiff to answer or otherwise plead and thereafter moved for an order of dismissal, apparently on the ground that the Court lacked jurisdiction over his person. The Court held that, by obtaining the extension of time without evidencing an intent to appear specially, the defendant had made a general appearance and had thereby waived the right to question the jurisdiction of the Court over his person.

*Security Management* was decided under the law in effect prior to July 1, 1985, the effective date of the South Carolina Rules of Civil Procedure. Of course, the Rules have since become the governing authority on civil procedure in this state. H. Lightsey & J. Flanagan, *South Carolina Civil Procedure* 9 (1985). Nevertheless, Mrs. Dunbar argues that the procedure which existed at the time of the decision in *Security Management* should still be followed. In support of her argument, she calls attention to the last sentence of Rule 81: "In any case where no provision is made by statute or these Rules, the procedure shall be according to the practice as it has heretofore existed in the courts of this State." She points out that the Rules do not explicitly address whether the right to question juridiction over the person is waived by obtaining an extension of time.

The argument of Mrs. Dunbar cannot survive even a cursory reading of the Rules. Under the procedure which existed when *Security Management* was decided, an objection based on lack of jurisdiction over the person was typically raised by special appearance pursuant to Section 15-13-380 of the Code of Laws of South Carolina, 1976. H. Lightsey & J. Flanagan, *supra,* at 273. (In some circumstances, this objection could also be raised by a demurrer or a motion to quash service. *Id.*) It is clear that this procedure no longer exists. Under Rule 12, an objection based on lack of jurisdiction over the person must be raised, either by responsive pleading or, at the option of the pleader, by motion. "[T]he special appearance has been eliminated." *Smalls,* 291 S. C. at 261, 353 S. E. (2d) at 156. Therefore, a general appearance is the only appearance a party can make under existing procedure. The procedure which existed when *Security Management* was decided cannot still be followed because it has been expressly abolished by the Rules. If we were to hold, consis-

tent with *Security Management,* that an objection based on lack of jurisdiction over the person is waived by making a general appearance, there would then be no way a person could raise this objection without simultaneously waiving it.

*Smalls,* on the other hand, was decided after the effective date of the Rules, and the Court appears to have applied the Rules in deciding the case, at least in *dicta.* The defendant presented four grounds for dismissing the action of the plaintiff. The first and second grounds sought to have the action dismissed based on an insufficiency of service of process on the defendant and a lack of sufficient contacts by the defendant with South Carolina to permit the Court to assert jurisdiction over him. The third and fourth grounds asserted two additional claims, unrelated to the issues raised by the first two grounds. The Court held that, by asserting the additional claims, the defendant "implicitly acknowledges jurisdiction of the court because the court has no authority to dispose of these issues without jurisdiction of the person of [the defendant]." *Id.*

The Circuit Court cited *Smalls* for the proposition that, even under the rules, "one can still make a general appearance and waive his right to question the jurisdiction of the Court over his person." Indeed, it is possible under the Rules for a party to waive the right to question jurisdiction over the person. Rule 12(h)(1) expressly provides that this right is waived under two circumstances. In addition, a number of cases decided under the comparable federal rules have held that the right to question jurisdiction over the person is waived under other circumstances. *E.g., Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.,* 811 F. (2d) 278 (5th Cir. 1987); *Marcial Ucin, S.A. v. SS Galicia,* 723 F. (2d) 994 (1st Cir. 1983); *Reliable Tire Distributors, Inc. v. Kelly Springfield Tire Co.,* 623 F. Supp. 153 (E.D. Pa. 1985); *Marquest Medical Products, Inc. v. EMDE Corp.,* 496 F. Supp. 1242 (D. Colo. 1980); and *Vozeh v. Good Samaritan Hosp.,* 84 F.R.D. 143 (S.D.N.Y. 1979).[2]

---

[2] One case has expressly held that Rule 12 "sets only the outer limits of waiver, it does not preclude waiver by implication." *Marquest Medical Products, Inc. v. EMDE Corp.,* 496 F. Supp. 1242, 1245 n. 1 (D. Colo. 1980). Some federal courts have indicated that a party waives the right to question jurisdiction over the person by asserting a counterclaim or by impleading

However, the Rules do not provide that the right to question jurisdiction over the person is waived by obtaining an extension of time, and we are aware of no case decided by any court under the same or comparable rules holding that the right is waived in this circumstance. To the contrary, cases decided under the federal rules hold that the right to question jurisdiction over the person is not waived by obtaining an extension of time: *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F. (2d) 871 (3rd Cir. 1944), *cert. denied, Orange Theater Corp. v. Brandt*, 322 U. S. 740, 64 S. Ct. 1057, 88 L. Ed. 1573 (1944); *Blank v. Bitker*, 135 F. (2d) 962 (7th Cir. 1943); *Bartner v. Debiasse*, 20 F.R.D. 355 (E.D.N.Y. 1957); *Juszczak v. Huber Mfg. Co.*, 13 F.R.D. 434 (W.D.N.Y. 1953); and *Kaufman v. United States*, 35 F. Supp. 900, 901 (D.D.C. 1940). We find these cases persuasive. *See* H. Lightsey & J. Flanagan, *supra*, at 7 (federal case law should be persuasive in interpreting the Rules when compelled by the text, or in the absence of prior state law).[3]

Professors Moore and Lucas, as well as Professors Wright and Miller, are apparently in accord that, under the federal rules, the right to question jurisdiction over the person is not waived by obtaining an extension of time. *See* 2A J. Moore & J. Lucas, *Moore's Federal Practice* § 12.12, at 12-93 to 12-94 (2d ed. 1987) ("Obtaining extensions of time and taking depositions before answering have been held not to constitute a waiver of the defenses of lack of jurisdiction of the person and improper venue."); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1361, at 646 (1969) ("[A]ny effective extension of the period in which to serve a responsive pleading preserves the right to move under Rule 12(b) during the enlarged period.").

---

another party. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1397, at 877-78 (1969). However, other federal courts have held that a party does not waive the right by asserting a counterclaim which is compulsory under the Rules. *Id.* at 878-80.

[3] Federal case law is particularly useful in deciding the issue presented in this case. Federal courts, prior to the adoption of the Federal Rules of Civil Procedure, like South Carolina courts, prior to the adoption of the South Carolina Rules of Civil Procedure, recognized a distinction between a special and a general appearance and held that a general appearance waived the right to question jurisdiction over the person. *Blank v. Bitker*, 135 F. (2d) 962 (7th Cir. 1943).

For these reasons, the decision of the Circuit Court denying the motion to dismiss is reversed and the case is remanded for a decision by the Court on the merits of the motion and, depending on the decision of the Court, for such further proceedings as may be appropriate.

Reversed and remanded.

SHAW, and BELL, JJ., concur.