**Diane MAYBIN, Plaintiff-Appellant,**

v.

**NORTHSIDE CORRECTIONAL CEN-TER; South Carolina Department of Corrections, Defendants-Appellees.**

No. 88–1328.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 12, 1989.

Decided Dec. 6, 1989.

Rehearing and Rehearing In Banc Denied Dec. 28, 1989.

Fletcher N. Smith, Jr., Columbia, S.C., for plaintiff-appellant.

Joseph Andrew Rhodes, Jr., Greenville, S.C., (Kevin W. Sturm, Spartanburg, S.C., Haynsworth, Baldwin, Miles, Johnson, Greaves and Edwards, Greenville, S.C., on brief), for defendants-appellees.

Before MURNAGHAN, SPROUSE, and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

The plaintiff/appellant, Diane Maybin, appeals the dismissal of her suit because of improper service of process. The only issue presented is whether defendants waived their objection to personal jurisdiction by making a "voluntary appearance" before the district court, as that term is used in Rule 4(d) of the South Carolina Rules of Civil Procedure. We find that the defendants did not make such an appearance nor did they waive their objection to personal jurisdiction, and we affirm the lower court's dismissal of this case.

## I.

Diane Maybin instituted a civil action against her former employers, claiming racial discrimination. The plaintiff originally filed suit in the Court of Common Pleas for Spartanburg County, South Carolina on August 18, 1987. Her complaint was served by mail on the Attorney General of South Carolina on October 6, 1987. On October 3, 1987, the complaint was served upon Francis Tipton, a caseworker at Northside Correctional Center.

On October 29, 1987, the defendants removed the action to the United States District Court. Shortly thereafter, the defendants filed a Motion to Dismiss, citing as one ground the plaintiff's failure to properly serve them with the summons and complaint.

After a hearing, the magistrate recommended dismissing the complaint under the eleventh amendment and also because of the failure to properly serve the state agency. On March 7, 1988, Ms. Maybin filed exceptions to the Magistrate's Report and, on the following day, attempted to personally serve Rob Donlin, the Deputy Regional Administrator for the Department of Corrections. On March 21, 1988, the defendants responded, asserting that service was still improper because it was not within the 120-day time limit provided for in Rule 4(j) of the Federal Rules of Civil Procedure. Although Ms. Maybin filed a Motion to Extend Time to Serve Defendants, she gave no reasons for her failure to effect timely service.

The magistrate then issued a second report in which he recommended dismissing the complaint for failure to properly serve the defendants within the 120-day period. In addition, he ruled that Ms. Maybin had failed to demonstrate sufficient cause for her failure to timely serve the defendants and denied her motion to extend time.

The case was dismissed without prejudice by the district court based solely upon the jurisdictional defect of insufficiency of service.

## II.

It is clear that service of process was initially inadequate. Under the South Carolina Rules of Civil Procedure, the plaintiff must serve the defendants with a copy of both the summons and the complaint. Rule 4(d)(5) specifically provides that, in cases where the defendant is a state agency, service must be effected "[u]pon an officer or agency of the State by *delivering* a copy of the summons and complaint to such officer or agency *and* by sending a copy of the summons and complaint by registered or certified mail to the Attorney General at Columbia" (emphasis added).

Ms. Maybin's attempt to serve Francis Tipton, an employee of Northside Correctional Center, was not effective service upon the state entities. Service to an agency is not legally obtained unless such service is made upon a person of suitable position and discretion within the agency. *Jensen v. Doe,* 292 S.C. 592, 358 S.E.2d 148 (S.C.Ct.App.1987), *cert. denied,* 295 S.C. 69, 367 S.E.2d 162 (1988). Although the plain-

tiff later attempted to cure the defect by delivering summons and complaint to a more appropriate representative, that attempt was untimely.

### III.

Nevertheless, the plaintiff argues that any defects in the service of process became irrelevant when the defendants appeared in court. A defendant may cure a defect in the court's jurisdiction over his person by waiving his objection thereto.

Rule 4(d)(6) of the Federal Rules of Civil Procedure authorizes service "by serving the summons and complaint in the manner prescribed by the law of that state...." Rule 4(d) of the South Carolina Rules of Civil Procedure states that a "[v]oluntary appearance by defendant is equivalent to personal service...." Ms. Maybin argues that the defendants made a "voluntary appearance" before the court below and, consequently, have waived any objection to personal jurisdiction.

Prior to the adoption of the present South Carolina rules, S.C.Code § 15–9–70 (1976) contained a statement identical to the quoted portion of Rule 4(d). Case law under that statute suggests that a voluntary appearance is equivalent to a general appearance, and occurs whenever a defendant manifests an intent to be in court. *See Stephens v. Ringling*, 102 S.C. 333, 86 S.E. 683 (1915). By contrast, a "special appearance" under prior law was an appearance for the sole purpose of contesting the court's jurisdiction. *See Security Management, Inc. v. Schoolfield Furniture Indus., Inc.*, 275 S.C. 466, 272 S.E.2d 638, 639 (1980).

The adoption of the present South Carolina Rules of Civil Procedure abolished the special appearance, but retained the voluntary appearance. "Therefore, a general appearance is the only appearance a party can make under existing procedure." *Dunbar v. Vandermore*, 295 S.C. 493, 369 S.E.2d 150, 151 (S.C.Ct.App.1988). At the same time, S.C.R.Civ.P. 12(b)(2) states that the defense of "lack of jurisdiction over the person" may be made by motion or by responsive pleading. Therein lies a para-

dox in the South Carolina rules. If a defendant can only make a general appearance, how can he assert his objection to personal jurisdiction under Rule 12(b) without simultaneously waiving his objection under Rule 4(d)?

Rules of civil procedure must be considered in relation to one another and construed together. *Nasser v. Isthmian Lines*, 331 F.2d 124, 127 (2d Cir.1964). It is clear from Rule 12(b) that a party should be able to raise an objection to personal jurisdiction without simultaneously waiving it under Rule 4(d). The South Carolina Court of Appeals in *Dunbar v. Vandermore, supra*, attempts to solve the riddle caused by the elimination of the term "special appearance" from the language of the present rule.

In *Dunbar*, the defendant obtained an extension of time from the plaintiff to file responsive pleadings. Following this, the defendant moved for an order dismissing the suit on the grounds that the state court lacked personal jurisdiction over him and subject matter jurisdiction over the action, and that there was insufficient process and service of process. The court noted that "it is possible under the Rules for a party to waive the right to question jurisdiction over the person. Rule 12(h)(1) expressly provides that this right is waived under two circumstances." However, the court held that the defendant had not waived his right to assert jurisdictional defenses merely by requesting an extension of time.

On the other hand, in *Smalls v. Weed*, 291 S.C. 258, 353 S.E.2d 154 (S.C.Ct. App.1987), the South Carolina Court of Appeals held that where a defendant appeared and asserted two claims which went to the merits, in addition to his jurisdictional objection, the defendant had waived personal jurisdiction. Thus, although the term "special appearance" has been eliminated, the procedure described by that term has not entirely been discarded. *Smalls* and *Dunbar* teach that if a defendant appears before the court to contest jurisdiction over his person, and does not simultaneously

address the merits, he has not waived his objection under Rule 4(d).

 In this case, Ms. Maybin alleges that the defendants waived their right to assert a lack of personal jurisdiction because they simultaneously included arguments regarding the timeliness of plaintiff's action, the eleventh amendment, and sovereign immunity. However, the time limitations of 42 U.S.C. § 2000e–5 are jurisdictional. *Harris v. Norfolk & W. Ry. Co.*, 616 F.2d 377 (8th Cir.1980). The eleventh amendment is also a jurisdictional bar to suits against states. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.E.2d 67 (1984); *Westinghouse Elec. Corp. v. West Va. Dep't of Highways*, 845 F.2d 468, 469 (4th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 143, 102 L.E.2d 116 (1988). Likewise, sovereign immunity is a jurisdictional issue. *Reed v. Medlin*, 284 S.C. 585, 328 S.E.2d 115, 118 (S.C.Ct.App.1985).

The defendants' objection to personal jurisdiction was not accompanied by any plea to the merits which implicitly acknowledged jurisdiction of the court. A defendant cannot be said to have waived personal jurisdiction merely because he alerts the court to other types of jurisdictional defects.

Therefore, the district court's judgment is affirmed.

AFFIRMED.