THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ephrain Reliford, Jr.,       
Appellant,
 
 
 

v.

 
 
 
Larry Pearson and Charles Truesdale,       
Respondents.
 
 
 

Appeal From Aiken County
 Robert A. Smoak, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-558
Submitted July 15, 2003  Filed September 
 26, 2003  

AFFIRMED

 
 
 
Ephrain Reliford, Jr., of Kershaw, for Appellant.
James D. Nance and A. Shane Massey, both from Nance & 
 McCants, of Aiken, for Respondent.
 
 
 

PER CURIAM: Ephrain Reliford, Jr. filed 
 a complaint against Larry Pearson and Charles Truesdale, accusing them of violating 
 his civil rights and committing various state law offenses when they aided in 
 arresting Reliford on murder charges.  The circuit court dismissed Relifords 
 complaint for insufficient service of process, and Reliford appeals.  We affirm. 
 [1] 
FACTS
In January of 1995, Reliford was sentenced to thirty 
 years for voluntary manslaughter.  While serving his time, Reliford filed a 
 complaint against Pearson, an agent of the Aiken County Sheriffs Department, 
 and Truesdale, an agent of the Unites States Army, alleging they violated constitutional 
 provisions and state law in their investigation and arrest of him. After filing 
 the action in January, Reliford served the summons and complaint on the attorney 
 general by certified mail on March 13, 2002.  This same date, Reliford attempted 
 to serve Truesdale with the summons and complaint by certified mail to the Aiken 
 County Sheriffs Department.  The certified mail receipt indicates Reliford 
 neither requested a return receipt nor restricted delivery.  
On April 5, 2002, Truesdales and Pearsons attorney 
 filed an answer, in which counsel moved to dismiss the case for improper service 
 and, alternatively, moved for summary judgment.  Reliford attempted to serve 
 Pearson by regular U.S. Mail on April 9, 2002 and by certified mail to Pearsons 
 attorney on April 11, 2002. [R. 31-32] 
Reliford asserted that he brought the action against 
 Truesdale and Pearson both as individuals and as government representatives. 
 Reliford argued that he was entitled to serve Truesdale and Pearson as state 
 agents under Rule 4(d)(5), which inter alia, requires service on the 
 South Carolina Attorney General.  In support of this argument, Reliford contended 
 that even though Pearson was a member of the U.S. Army at the time the alleged 
 events occurred, he was acting under the direction of the Aiken County Sheriff 
 as was Truesdale, who worked for the Aiken County Sheriffs Department at the 
 time. 
The circuit court dismissed the case, finding that 
 even assuming both defendants were under the supervision of the Aiken County 
 Sheriffs Department, service upon them individually could not be accomplished 
 under Rule 4(d)(5).  The court noted that service under subsection (d)(5) is 
 proper only upon a state officer and found that officers working for the Aiken 
 County Sheriffs Department were not state officers. [R. 3] The court further 
 found that Truesdale and Pearson were not properly served under any subsection 
 of Rule 4.  Truesdales service was insufficient because Reliford did not restrict 
 delivery or request a return receipt.  Pearsons service was also improper because 
 the summons and complaint were not sent to him via certified mail and no provision 
 under Rule 4 allows a plaintiff to serve process on a defendant merely by sending 
 the summons and complaint to the office of the defendants attorney.  Finally, 
 the circuit court ruled that service upon Pearsons attorney was ineffective 
 because no provision in Rule 4 allows for service upon an attorney and because 
 the attorney never accepted service pursuant to Rule 4(j). 
Accordingly, the circuit court made no ruling as to 
 Truesdales and Pearsons motion for summary judgment and granted their motion 
 to dismiss pursuant to Rule 12(b)(5), SCRCP.  Reliford appeals.
ISSUES

 A.   Were Pearson and Truesdale properly 
 served with the summons and complaint pursuant to Rule 4(d)(5)?  (App. Issues 
 1 & 3)
 B.   Did Pearson and Truesdale waive 
 their right to assert a service of process objection by raising a statute of 
 limitations defense?
 C.   Did the circuit court err by not 
 allowing Reliford to amend his amended complaint and substitute the Aiken County 
 Sheriffs Department as a defendant for Pearson and Truesdale?

DISCUSSION
A.      Service under Rule 4(d)(5)
Reliford claims that Pearson and Truesdale were 
 state officers and were properly served with the summons and complaint pursuant 
 to Rule 4(d)(5).  Even assuming that Pearson and Truesdale are state officers, 
 we disagree they were properly served.
Rule 4(d)(5), SCRCP provides for service [u]pon 
 an officer or agency of the State by delivering a copy of the summons 
 and complaint to such officer or agency and by sending a copy 
 of the summons and complaint by registered or certified mail to the Attorney 
 General at Columbia.  (Emphasis added). Although Relifords attempt at service 
 complied with the provision of the rule requiring service on the attorney general 
 by certified mail, it did not comply with the provision requiring delivery upon 
 Pearson and Truesdale as officers of the state.  
The language of Rule 4(d)(5) indicates that Pearson 
 and Truesdale could not be sent a copy of the summons and complaint, but rather 
 that the summons and complaint had to be delivered to them.  By using the 
 term send when referring to the notice being mailed, it appears that the rule 
 does not allow service upon officers via mail; instead, service of process must 
 be delivered to the officers personally.  Rule 4(d)(8), which describes the 
 means by which the summons and complaint can be sent via mail, corroborates 
 this interpretation by restricting mailed service of process to individuals 
 and corporations.  Because Reliford argues that he served Pearson and Truesdale 
 as officers of the State, his mailing of the service of process did not comply 
 with the rule.
Furthermore, even if Reliford attempted to serve Truesdale 
 and Pearson as individuals, his attempt was unsuccessful.  To serve an individual 
 with process through the mail system, Rule 4(d)(8) requires that process be 
 sent by registered or certified mail, return receipt requested and delivery 
 restricted to the addressee.  This subsection further states: Service is effective 
 upon the date of delivery as shown on the return receipt. . . . If delivery 
 of the process is refused or is returned undelivered, service shall be made 
 as otherwise provided by these rules.  
In Truesdales case, Reliford sent the summons 
 and complaint by certified mail without requesting a return receipt or restricting 
 delivery.  To Pearson, Reliford sent the summons and complaint by regular, first-class 
 mail.  Because there is no return receipt indicating acceptance by either of 
 the respondents and there is no evidence in the record that either Truesdale 
 or Pearson otherwise received the summons and complaint, these means of service 
 were ineffective under Rule 4.
Reliford also attempted to serve Pearson by sending 
 a summons and complaint to Pearsons attorney.  Notably, SCRCP 4(d)(1) provides 
 for service upon an agent if the agent is authorized by appointment or by law.  
 Moore v. Simpson, 322 S.C. 518, 523, 473 S.E.2d 64, 66 (Ct. App. 1996) 
 (citing Hamilton v. Davis, 300 S.C. 411, 389 S.E.2d 297 (Ct. App. 1990)).   
 To serve a defendants agent, the court must find the defendant intended to 
 confer the alleged agent with the authority to accept service of process on 
 his behalf.  Id. Without specific authorization to receive process, 
 service is not effective when made upon an employee of the defendant.  Id. 
 at 524, 473 S.E.2d at 67 (citing 62B Am.Jur. 2d Process § 234 (1990)).  
 Here, there is simply no evidence Pearson intended to confer authority upon 
 his attorney to accept service of his summons and complaint.  
We agree with the circuit courts determination 
 that Reliford failed to deliver the summons and complaint upon Truesdale and 
 Pearson in accordance with Rule 4, SCRCP.
B.      Waiver of the Service of Process Objection
Reliford next contends that Pearson and Truesdale 
 waived their right to assert a service of process objection because they raised 
 a statute of limitations defense.  We disagree.
Rule 4(d) of the South Carolina Rules of Civil 
 Procedure states that a [v]oluntary appearance by defendant is equivalent to 
 personal service . . . .  At the same time, Rule 12(b)(2), SCRCP states that 
 the defense of lack of jurisdiction over the person may be made by motion 
 or by responsive pleading.  Case law harmonizes these two rules by explaining: 
 [I]f a defendant appears before the court to contest jurisdiction over his 
 person, and does not simultaneously address the merits, he has not waived his 
 objection under Rule 4(d).  Maybin v. Northside Correctional Center, 
 891 F.2d 72 (4th Cir. 1989)(citing Smalls v. Weed, 291 S.C. 258, 353 
 S.E.2d 154 (Ct. App. 1987) and Dunbar v. Vandermore, 295 S.C. 493, 369 
 S.E.2d 150 (1988)).
According to the order of the circuit court  which 
 is the only source of information we have because Reliford failed to include 
 a transcript of the proceeding  counsel for Pearson and Truesdale first argued 
 a motion to dismiss for insufficient service of process and failure to state 
 facts sufficient to constitute a cause of action. After the arguments for the 
 motion to dismiss were complete, the court, in the interest of judicial economy, 
 allowed the parties to argue the respondents alternative motion for summary 
 judgment.   
We agree with Reliford that, ordinarily, a defendant 
 who argues a motion for summary judgment is making a voluntary appearance 
 before the court and consequently waives any objection to personal jurisdiction.  
 However, where as here, the summary judgment motion is a separate, alternative 
 argument and was made only after the service issue received a complete debate, 
 it does not waive a defendants objection to personal jurisdiction.  See 
 Maybin v. Northside Correctional Center, 891 F.2d 72 (4th Cir. 1989) 
 ([I]f a defendant appears before the court to contest jurisdiction over his 
 person, and does not simultaneously address the merits, he has not waived 
 his objection under Rule 4(d).(Emphasis added.)).
C.      Amendment of Relifords Complaint
Finally, Reliford argues the circuit court erred 
 by not allowing him to amend his (already amended) complaint and substitute 
 the Aiken County Sheriffs Department as a defendant in place of Pearson and 
 Truesdale.  Reliford claims that the Tort Claims Act provides for an automatic 
 party substitution and the Rules of Civil Procedure prevent an action from being 
 dismissed merely because the action identifies the wrong party.  This issue 
 was raised to the circuit court in Relifords Rule 59(e) motion, and the circuit 
 court declined to address the issue because Reliford failed to make the arguments 
 at the original hearing.  [R. 8] We agree with the circuit court and find that 
 by failing to present this issue to the circuit court prior to judgment, Reliford 
 did not preserve the issue for our review.  See Patterson v. Reid, 
 3128 S.C. 183, 456 S.E.2d 436, 437 (Ct. App. 1995) (A party cannot for the 
 first time raise an issue by way of a Rule 59(e) motion which could have been 
 raised at trial); Crary v. Djebelli, 321 S.C. 38, 467 S.E.2d 128, 131-132 
 (Ct. App. 1995) (A party cannot use Rule 59(e), SCRCP, to present to the trial 
 court an issue the party could have raised prior to judgment but did not.) 

Conclusion
Reliford failed properly serve Truesdale 
 and Pearson in accordance with Rule 4, SCRCP.  Both Pearson and Truesdale raised 
 the lack of personal jurisdiction issue to the circuit court, and they did not 
 waive their objection to this issue by appearing before the circuit court.  
 Additionally, the circuit court did not err in refusing to allow Reliford to 
 amend his complaint.  Accordingly, the circuit courts dismissal of Relifords 
 complaint is
AFFIRMED
HEARN, C.J., CONNOR and ANDERSON, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.