UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1001

DELBERT GASKINS; ARNOLD WHITE,

Plaintiffs - Appellees,

v.

BFI WASTE SERVICES, LLC,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:02-cv-01832-GBL)

Argued:  January 29, 2008          Decided:  June 16, 2008

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Raymond Charles Baldwin, SEYFARTH & SHAW, L.L.P., Washington, D.C., for Appellant.  Christopher Edwin Brown, Alexandria, Virginia, for Appellees.  **ON BRIEF:** Jessica G. Taverna, SEYFARTH & SHAW, L.L.P., Washington, D.C., for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant BFI Waste Services, LLC, appeals from the district court's December 8, 2006 Memorandum Order awarding costs and attorney's fees to plaintiffs Arnold White and Delbert Gaskins. See White v. BFI Waste Servs., LLC, No. 1:02-cv-01832 (E.D. Va. Dec. 8, 2006) (the "Award").[1]  White and Gaskins prevailed, after a jury trial, on race-based hostile work environment claims they pursued against BFI under both the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  As a result, they were entitled to utilize the applicable fee-shifting provisions of Title 42 and recover their costs and attorney's fees from BFI.  On appeal, BFI challenges the propriety of the Award, contending that the plaintiffs' fee petition was not timely filed.  As explained below, we vacate the Award and remand.[2]

---

[1] The Award may be found at J.A. 221-42.  (Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed in this appeal.)

[2] Because we vacate the Award, we need not reach BFI's alternative contentions in this appeal:  that, if an award of attorney's fees was appropriate, the district court abused its discretion in making the Award because the plaintiffs failed to (1) properly establish the applicable hourly rates, or (2) provide adequate documentation of time expended.

I.

In 2002, White and Gaskins initiated separate civil rights complaints against BFI, their employer, alleging that they had been subjected to race discrimination, and asserting claims under § 1981 and Title VII. In disposing of those claims, the district court, in June 2003, first granted summary judgment to BFI in White's case. In July 2003, the court made a separate summary judgment award to BFI in Gaskins's case. We consolidated their subsequent appeals and, by our decision of July 14, 2004, partially reversed the district court. See White v. BFI Waste Servs., LLC, 375 F.3d 288 (4th Cir. 2004) (affirming summary judgment awards on racially discriminatory compensation claims, but reversing on claims of racially hostile work environment).

On remand, the hostile work environment claims were tried in December 2004 before a jury in Alexandria, and a verdict for both compensatory and punitive damages was returned in favor of the plaintiffs. The verdict awarded White and Gaskins $600,000 each in compensatory damages, plus $2 million each in punitive damages. BFI then moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), and alternatively for a new trial nisi remittitur under Rule 59. In its Memorandum Opinion and Order of June 17, 2005 (the "Judgment"), the district court denied the Rule 50(b) motion, but granted in part the Rule 59 new trial motion. To avoid an improper double recovery to the plaintiffs on the § 1981

and Title VII claims, the court reduced the compensatory damage awards to $300,000 each, and attributed the awards to the plaintiffs' § 1981 claims. The court also reduced the punitive damage awards to $600,000 each. The plaintiffs did not file a petition for costs and attorney's fees within fourteen days of the entry of the Judgment, however, as required by the operative version of Rule 54(d)(2)(B) (mandating that, "[u]nless otherwise provided by statute or order of the court, the motion [for costs and attorney's fees] must be filed no later than 14 days after entry of judgment").[3]

With no fee petition having been filed, BFI appealed from the Judgment on July 15, 2005, and the plaintiffs filed timely cross-appeals. On May 23, 2006, in disposing of the second round of appeals in this litigation, we determined that the evidence was insufficient to support the punitive damage awards but otherwise affirmed. See White v. BFI Waste Servs., LLC, 198 F. App'x 283 (4th Cir. 2006) (unpublished per curiam). On July 18, 2006, we denied the parties' cross-petitions for rehearing en banc. Immediately thereafter, on July 26, 2006, our mandate issued, remanding the case to the district court.

On August 25, 2006, the district court, acting sua sponte, entered an order directing the plaintiffs to move for costs and

---

[3]Rule 54 was recently amended, effective December 1, 2007, as part of the general restyling of the Civil Rules.

4

attorney's fees by September 5, 2006, and scheduling a hearing on any such motion for October 13, 2006 (the "Sua Sponte Order"). Responding thereto, the plaintiffs, on September 5, 2006, filed for the first time a petition for costs and attorney's fees, seeking an award under 42 U.S.C. § 1988(b) (the "Fee Petition"). The Fee Petition — requesting more than $427,000 — was filed more than fourteen months after the entry of Judgment on June 17, 2005.[4]

In its opposition to the Fee Petition, BFI urged the district court to summarily reject it, because it had not been timely filed under Rule 54(d)(2)(B). In reply, the plaintiffs requested the court to deem the filing deadline extended by its Sua Sponte Order. They also asserted that their Fee Petition had been timely filed, in any event, under the excusable neglect provision of Rule 6(b)(2).[5] In so asserting, the plaintiffs relied on the Supreme

---

[4]Although prevailing parties on § 1981 and Title VII claims may be awarded costs and attorney's fees under the fee-shifting provisions of 42 U.S.C. §§ 1988(b) and 2000e-5(k), respectively, the plaintiffs nevertheless entered into contingent fee representation agreements with their counsel. Pursuant thereto, they agreed to compensate their lawyers with 40% of any recovery from BFI "by settlement or otherwise." J.A. 212. Independent of the Fee Petition, the plaintiffs have paid their counsel at least $240,000 under the contingent fee agreements. At oral argument in this appeal, counsel represented that, if the Award is sustained, the contingent fee payments will be returned to the plaintiffs.

[5]Under the operative version of Rule 6(b)(2), relating to the enlargement of specified time periods for action, a trial court may "in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Like Rule 54, Rule 6 was amended, effective December 1, 2007, as part of the general restyling of the Civil Rules.

Court's explanation and application of the excusable neglect doctrine in <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380 (1993), maintaining that their neglect with respect to the Fee Petition's tardy filing was excusable for at least three reasons: (1) BFI had not been prejudiced by the tardy filing; (2) the filing delay did not have an appreciable impact on the proceedings; (3) the lawyers acted in good faith when they mistakenly interpreted Rule 54(d)(2)(B) to authorize their Fee Petition to be filed after resolution of the appeal process. At the Fee Petition hearing conducted on October 13, 2006, BFI argued that the Fee Petition could not, simply on the basis of counsel's error in interpreting Rule 54(d)(2)(B), be considered or ruled upon by the court. BFI maintained that a "misreading [of] the rule is not excusable neglect," and that the court's Sua Sponte Order "would not have mitigated or modified the unambiguous requirements of Rule 54." J.A. 200.

In making the Award on December 8, 2006, the district court rejected BFI's position and ruled that the Sua Sponte Order satisfied the requirement of an "order" under Rule 54(d)(2)(B), thus rendering the fourteen-day deadline of the Rule inapplicable to the Fee Petition. The court made no assessment or determination of the Rule 6(b)(2) excusable neglect question, however, and proceeded to grant the Fee Petition and make the Award "because [p]laintiffs timely filed the Petition pursuant to a Court order

6

[i.e., the Sua Sponte Order]." Award 6. The Award was for the aggregate sum of $427,374 in costs and attorney's fees. BFI has appealed from the Award, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

We review for abuse of discretion a district court's extension of a filing deadline. See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 532 (4th Cir. 1996). We exercise plenary review, however, over legal interpretations of the applicable procedural rules. See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006) (observing that appellate review of legal interpretations of federal procedural rules is de novo).

## III.

BFI pursues two contentions on appeal. First, it maintains that the district court erred in excusing the untimely filing of the Fee Petition by characterizing its Sua Sponte Order as an "order" within the meaning of Rule 54(d)(2)(B). Second, BFI asserts that the court erred in ruling on the Fee Petition — filed more than fourteen months out of time — without first making the finding of excusable neglect mandated by Rule 6(b)(2). We examine these contentions in turn.

7

A.

As explained above, pursuant to Rule 54(d)(2)(B), a fee petition must be filed no later than fourteen days after entry of judgment, "[u]nless otherwise provided by statute or order of the court." Significantly, the plaintiffs have conceded in their appellate brief, and at oral argument as well, that their Fee Petition was untimely filed, in that it was not submitted within fourteen days of the entry of the Judgment. In their brief, the plaintiffs acknowledge that, having "consulted [Rule 54(d)(2)(B)] at the conclusion of the trial[, they] determined (although incorrectly) that the entry of judgment that would trigger the 14-day deadline for [their] Attorney's Fee Petition would occur after the resolution of the Appeal process and the entry of an amended order." Br. of Appellees 3. Nevertheless, the district court, in making the Award, deemed its Sua Sponte Order to be an "order" within the meaning of Rule 54(d)(2)(B). The Sua Sponte Order, as a result, exempted the Fee Petition from the fourteen-day deadline of Rule 54(d)(2)(B), and thus rendered it timely. As explained below, we are, in these circumstances, unable to agree with the district court.

The Sua Sponte Order was entered without any identifiable legal basis, particularly in light of the language of Rule 6(b), which controls the exercise of a trial court's discretion to extend the filing deadlines established by the applicable rules, including

8

Rule 54(d)(2)(B).  See Maybin v. Northside Corr. Ctr., 891 F.2d 72, 74 (4th Cir. 1989) ("Rules of civil procedure must be considered in relation to one another and construed together.").  Specifically, the operative version of Rule 6(b) identifies only two circumstances where a court may validly grant an extension of an applicable filing deadline:

> When by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

The filing of a fee petition plainly constitutes an act "required . . . to be done . . . within a specified time" under Rule 6(b), and Rule 54(d)(2)(B) mandates that such a filing must occur "no later than 14 days after entry of judgment."  After the fourteen-day deadline had expired, the district court was not empowered, under the plain terms of Rule 6(b)(1), to extend that deadline on its own motion.  Rather, the court was only empowered to grant such an extension under Rule 6(b)(2), upon a motion being made by the plaintiffs that was supported by a showing of excusable neglect.  See Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 226 (2d Cir. 2004) (rejecting proposition that Rule 54(d)(2)(B)'s "introductory clause, 'unless otherwise provided by statute or order of the court,' gives district courts carte blanche to extend the time to

9

move for attorneys' fees after the deadline expires without having to find 'excusable neglect' under Rule 6"); see also Barghout v. Bureau of Kosher Meat & Food Control, No. 96-2366, 1998 WL 193106, at *2-3 (4th Cir. Apr. 23, 1998) (unpublished per curiam) (concluding that Rule 6(b) precluded court from granting untimely fee petition, where petitioner failed to request enlargement of time within Rule 54(d)(2)(B)'s fourteen-day deadline, and did not thereafter move for extension based on excusable neglect).[6] Because neither of the Rule 6(b) circumstances for a valid extension of the fourteen-day filing deadline had occurred when the Sua Sponte Order was entered, those authorities must control, and the Sua Sponte Order was not an authorized extension order under Rule 6(b).[7]

In these circumstances, the Sua Sponte Order simply did not exempt the Fee Petition from the fourteen-day filing deadline

---

[6]Notably, the fourteen-day deadline established by Rule 54(d)(2)(B) may be preempted by a local rule creating some different time frame for the filing of fee petitions. See, e.g., Tancredi, 378 F.3d at 227. There is no such local rule in the Eastern District of Virginia.

[7]The scope and purpose of Rule 54(d)(2)(B) would be undermined if district courts were authorized to consider untimely fee petitions sua sponte, without first finding excusable neglect. See Fed. R. Civ. P. 54 advisory committee's note (explaining that Rule 54(d)(2)(B) time constraints promote fairness and judicial economy by: (1) providing notice of fee claim to opposing party before time for appeal elapses; (2) resolving fee disputes soon after trial, while counsel's performance is "freshly in mind"; and, (3) consolidating appellate review of fee claims together with merits of case).

mandated by Rule 54(d)(2)(B). The district court erred in characterizing its Sua Sponte Order as an "order" within the meaning of Rule 54(d)(2)(B), and the Fee Petition was thus untimely filed.

B.

We turn finally to the issue, first raised by the parties after entry of the Sua Sponte Order and the filing of the Fee Petition, of whether the Fee Petition was viable under the excusable neglect provision of Rule 6(b)(2). On this point, we are confronted with the situation where, although the plaintiffs and BFI made excusable neglect arguments in the district court, the court made no assessment or ruling on the issue. That is, because the court ruled that its Sua Sponte Order rendered the Fee Petition timely, it had no reason to reach and address the excusable neglect contentions. In this circumstance, we are unable to properly assess the contentions of the parties on the excusable neglect issue. We conclude, however, that the plaintiffs, in view of our ruling concerning the Sua Sponte Order, should be accorded an opportunity (if they so choose) to pursue their excusable neglect contention in the district court. The legal authorities governing the excusable neglect doctrine indicate that such a contention will present obvious difficulties, however, and, on this record, the plaintiffs will face an uphill battle. Our precedent has cautioned, in the context of an untimely notice of appeal, that

11

"'excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996) (affirming refusal to grant enlargement of time to file appeal under Appellate Rule 4(a)(1), because plaintiff failed to show excusable neglect).

As the Supreme Court has recognized, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). Nevertheless, the Court recognized that "it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. The Pioneer Court explained that the determination of whether lawyer neglect can be deemed as "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395; see also id. at 398 (finding no error when debtor's failure to file timely claim was deemed excusable, in the absence of "evidence of prejudice to

12

petitioner or to judicial administration . . ., or any indication at all of bad faith").

Obviously, a district court is vastly better positioned than a court of appeals to first evaluate the relevant circumstances concerning an excusable neglect determination — including an assertion that the lawyers have mistakenly interpreted Rule 54(d)(2)(B) to authorize the filing of a fee petition within fourteen days of the resolution of the appeal process. See Pincay v. Andrews, 389 F.3d 853, 859 (9th Cir. 2004) (concluding that proper weighing of Pioneer's equitable factors should be left "to the discretion of the district court in every case"); see also United States v. Brown, 133 F.3d 993, 997 (7th Cir. 1998) ("A district court knows best the impact [an] error has on the court's operation and calendar. It knows the attorney and his motives, the circumstances of the case and the judicial economy of excusing the neglect.").

In this case, there are potential competing interests to be weighed concerning whether lawyer neglect should be deemed excusable. For example, the plaintiffs' lawyers should have known the correct answer on the filing question — that the district court's resolution of BFI's post-trial motions, on July 17, 2005, constituted the entry of Judgment under Rule 54(d)(2)(B), and that the Fee Petition was due within fourteen days thereof. Nevertheless, there are other interests that might be taken into

account.  For example, if the Fee Petition is denied on the sole basis of its tardy filing:

- The plaintiffs would be denied their statutory right to recover costs and attorney's fees.  And, absent a recovery against their own counsel for legal malpractice, they will have paid over $240,000 to their lawyers under the contingent fee agreements.  See supra note 4;

- The plaintiffs' lawyers would have prevailed in a difficult and time-consuming lawsuit (involving egregious conduct by BFI against White and Gaskins), yet not be fully compensated for their efforts, and perhaps be subjected to malpractice claims; and

- BFI, the wrongdoer — having engaged in racially hostile conduct against its employees — would receive a substantial financial windfall, solely due to the neglect of plaintiffs' counsel.

On the other hand, of course, BFI has borne the expense of a separate appeal of the Award, which — had the Fee Petition been timely filed — could have been reviewed on appeal almost two years ago. These circumstances, however, and perhaps others, are for the district court to first evaluate.  Although we are obligated to vacate the Award, we are satisfied to leave to the district court any determination of whether the plaintiffs are yet entitled to recover costs and attorney's fees.

14

IV.

Pursuant to the foregoing, we vacate the Award made by the district court, and remand without prejudice to such other and further proceedings, if any, that might be appropriate.

<u>VACATED AND REMANDED</u>

15